## ROBERTSON v. UNITED STATES.
### No. 9897.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 23, 1948.
Decided Dec. 13, 1948.

Mr. John M. Webster, of Washington, D. C., for appellant.

Mr. Joseph F. Lawless, Asst. U. S. Atty., of Washington, D. C., with whom Messrs. George Morris Fay, U. S. Atty., and John D. Lane, Asst. U. S. Atty., both of Washington, D. C., were on the brief, for appellee.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and PROCTOR, Circuit Judges.

PER CURIAM.

Appellant and Leroy D. Hartis were tried in the District Court upon an indictment charging forgery of the payee's endorsement on a United States Treasury check and uttering the same. Appellant was convicted on the count for uttering.

346

This appeal is from the judgment entered thereon.

It was undisputed that appellant had procured one Nelligan, a storekeeper, to cash the check. Nelligan, a witness, in the course of relating the circumstances, stated, "So after I cashed the check and they" (defendants) "went out they stood in the vestibule of the store and I saw this man Robertson pass over some money to this other man." Again, he stated, "When I seen them standing out in the vestibule of the store and Robertson passing money over to this other man, and they both were talking quite loud, I thought they were arguing over the divvy of the money."

■ After close of the evidence the attorney for appellant moved the court to direct a verdict of acquittal. Responding, the court said, "The motions are denied and I will instruct the jury. I want to say this: When this goes to the jury, I gave you an opportunity to dispose of this case. You remember that now." Although the record fails to show, the Government concedes that these remarks of the court were made in the presence and hearing of the jury and had reference to a suggestion made by the judge, without the jury's hearing, as to a plea of guilty. Finally in his charge, while recounting evidence to the jury, the judge said, "You may take into consideration the fact of the testimony of Nelligan that he saw them dividing the money up in the vestibule; * * *." It should be noted that Nelligan did not say he saw the defendants divide the money. His testimony was that he saw Robertson pass money to the other man and "thought they were arguing over the divvy of the money." Incidentally it may be observed that the quoted part of this testimony, although not objected to, was clearly incompetent and inadmissible.

No point was made by way of formal objection or otherwise to the statements of the judge set forth above. Here, for the first time, it is urged that plain and substantial error was committed to appellant's prejudice. Why counsel did not make timely objection at the trial is difficult to understand. Rule 51 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., imposes a duty upon an attorney to make known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor. Had this been done the court, by appropriate action on the spot, could have overcome any harmful effect caused by the objectionable statements, which doubtless were made through inadvertence and mistake. A lawyer cannot fail in this important duty to the court and his client without danger of serious effect upon the due administration of justice, in which his responsibility is quite equal to that of the court.

■ However, we cannot escape the conclusion that in both instances the errors complained of were plain; that the natural and probable influence upon the jury was prejudicial, and that the right of appellant to a fair and impartial verdict of the jury was substantially affected. Under these circumstances we are convinced that we should apply Rule 52(b) of the Federal Rules of Criminal Procedure and take notice of the errors, although they were not brought to the attention of the trial court. Accordingly the judgment against appellant on the second count of the indictment is

Reversed.