**CITIZENS' PROTECTIVE LEAGUE, Inc. et al. v. CLARK, Attorney General.**

No. 10206.

United States Court of Appeals District of Columbia Circuit.

Decided Sept. 6, 1949.

Messrs. James J. Laughlin and William E. Owen, Washington, D. C., for appellants.

Messrs. George Morris Fay, United States Attorney, and Joseph M. Howard, Assistant United States Attorney, Washington, D. C., for appellee.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

PER CURIAM.

Appellants' notice of appeal was filed December 18, 1948. On January 26, 1949, the District Court extended to March 15, 1949, the time for filing the record on appeal. It was not filed by that date. On April 5, 1949, appellant filed in this court a motion to extend the time for filing.

This is a civil case.

Under Rule 73(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the District Court may extend the time for filing the record (but not more than 90 days) if its order to that effect is made before the original or extended time for filing has expired. By Rule 6(b) the District Court is forbidden to extend the time except to the extent and under the terms stated in Rule 73(g). Those two rules do not apply to appellate courts (Rule 1).

Our General Rules, at 15(c), provide that a motion to extend the time for filing a record "shall be" filed within the period prescribed by 73(g) of the Civil Rules. Therefore, a motion filed after that period has expired is not timely filed and may be denied for that reason.

The question is whether this court has power, under its own Rules, to grant such a motion filed out of time. Rule 32(b) of our General Rules provides that the court, or a judge thereof, may either enlarge the time otherwise provided by those Rules, upon a motion made within an unexpired period for filing "or (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect." While the Rule does not specifically say so, its clear implication is that this court may permit an act to be done after the prescribed time has expired, if excusable neglect for the failure to act is shown, even if the motion itself is filed

after the time to act has expired. If this were not the meaning of the rule, no reason would appear for describing in clause (1) a motion filed within an unexpired time but omitting such description in clause (2).

 That an attorney has other matters in his office which require his attention does not constitute excuse for neglect of attention to any one matter. An agreement with opposing counsel that a case be held in abeyance pending the outcome of another case is not an acceptable reason for failure to comply with the rules of court or, specifically, for failure to move in proper time for extensions of time as provided in such rules. Excusable neglect is not shown in this case. For that reason the motion to extend the time for filing the record is denied.