## CHRISTOFFEL v. UNITED STATES.
### No. 10568.

United States Court of Appeals
District of Columbia Circuit.

Decided May 11, 1951

On Reconsideration of Appellant's Motions
to Extend Time to File Record on Appeal, Time Having Expired, and on
Consideration of Appellee's Motion to
Dismiss Appeal.

Decided July 24, 1950.

On Consideration of Appellant's Motions to
Extend Time to File Record on Appeal,
Time Having Expired.

On Consideration of Appellant's Motions to Extend Time to File Record on Appeal, Time Having Expired.

O. John Rogge, New York, N. Y., for appellant.

James W. Knapp, attorney, Department of Justice, George Morris Fay, United States Attorney, and Joseph M. Howard, Assistant United States Attorney, for appellee.

Before STEPHENS, Chief Judge, and EDGERTON and PRETTYMAN, Circuit Judges.

PER CURIAM.

The appellant was convicted in the United States District Court for the District of Columbia of perjury as a witness before the Committee on Education and Labor of the House of Representatives. He appealed to this court and his conviction was affirmed. Christoffel v. United States, 84 U.S.App.D.C. 132, 171 F.2d 1004 (1948). The Supreme Court reversed, and remanded the case for proceedings in conformity with its opinion. 338 U.S. 84, 69 S.Ct. 1447, 93 L. Ed. 1826 (1949). The case was then retried in the District Court and the appellant, on March 14, 1950, was again convicted and was sentenced to imprisonment. On the same date he filed notice of appeal in the District Court, and a duplicate of that notice, together with a certified copy of the docket entries in the District Court, was on the same date transmitted by the Clerk of the District Court to the Clerk of this court and duly filed. Also on the same date there was lodged by the appellant with the Clerk of this court, in connection with the petition for bail pending appeal, an official "Transcript of Proceedings" in the District Court.

On April 21, 1950, the District Court, acting pursuant to Rule 39(c) of the Federal Rules of Criminal Procedure, entered an order extending to May 15 the time within which the record might be filed in this Court of Appeals. A certified copy of this order was filed in this court on April 24. On May 15 the District Court approved a stipulation entered into between the appellant and the appellee that the time within which the appellant might file the record with the Clerk of this court should be extended to and including May 29. A certified copy of this order of approval was filed in this court on June 27. On June 29 the first motion presently under consideration, seeking a further extension of time, to July 10, within which to file the record, was filed in this court by the appellant. The motion contains a notation

"Consented to" signed by Special Assistants to the Attorney General of the United States. On July 10 appellant filed a second motion—to extend the time for filing the record on appeal to July 15, 1950. This motion also contains a notation "Consented to" signed by a Special Assistant to the Attorney General. On July 15 by a telegram to the court, the appellant requested that the time for filing the record on appeal be extended to a date five days beyond the date of the ruling by the court on the motion of July 10.

Rule 39(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., foll. § 687 provides that the record on appeal shall be filed with the appellate court and the proceeding there docketed within 40 days from the date the notice of appeal is filed in the district court, but that "In all cases the district court or the appellate court . . . may for cause shown extend the time for filing and docketing."

Rule 45(b) of the Federal Rules of Criminal Procedure provides that "When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon motion permit the act to be done after the expiration of the specified period *if the failure to act was the result of excusable neglect* . . .." (Emphasis supplied)

■ In this case the time—as extended by the District Court—within which the record should have been filed having expired on May 29, 1950, and the motion for further extension having been filed after the expiration of the specified period—as extended—a showing not only of cause but also of excusable neglect is necessary for a further extension by this court. The motion for further extension is accompanied by an affidavit of O. John Rogge, counsel for the appellant, which in pertinent terms reads as follows:

1. This affidavit is made in support of the motion to extend the time within which the record on appeal may be filed and to open the default of the appeal in the above captioned matter.

2. On information and belief, the time within which the record on appeal was to be filed with the Clerk of the Court of Appeals for the District of Columbia Circuit was heretofore agreed to be extended to June 15, 1950 by consent of both parties.

3. On information and belief, the record on appeal was being prepared by the appropriate persons in the Office of the Clerk of the District Court of the District of Columbia.

4. On information and belief, my associate, Herbert J. Fabricant, thought he was to be notified when the record on appeal was prepared so that it might be physically transferred to the Office of the Clerk of the Court of Appeals for the District of Columbia.

5. On information and belief, no notice that the record on appeal had been prepared was given prior to June 15, 1950.

6. It was intended to move to extend the time within which the record on appeal might be filed, and the present motion is made with the Government's consent.

Wherefore it is respectfully prayed that the time within which the record on appeal may be filed with the Clerk of the Court of Appeals for the District of Columbia Circuit be extended to and including July 10, 1950 and that the default be opened.

■ The statements in the affidavit do not constitute excusable neglect for the failure to apply within time for a further extension of the time within which to file the record. The consent of the Government to affirmative action on the pending motions is not binding upon the court in respect of a showing by the appellant of excusable neglect in failing to comply with the Federal Rules of Criminal Procedure. In respect of the effect of an agreement with opposing counsel, cf. Citizens' Protective League, Inc. v. Clark, 85 U.S. App.D.C. 282, 178 F.2d 703 (1949). That was a civil proceeding. But Rule 32(b) of Title II (Civil Cases from the District Court) of the General Rules of the United States Court of Appeals for the District of Columbia Circuit contains a provision in respect of enlargement of time where a motion for enlargement is made after the expiration of the specified period in the same words as Rule 45(b) of the Federal Rules of Criminal Procedure above quoted. Rule 33(e) of Title III (Criminal Cases from the District Court) of the General Rules of the United States Court of Appeals for the District of Columbia Circuit provides that where not inconsistent with the Federal Rules of Criminal Procedure, or with Rule 33(e), the provisions of Title II of

the Rules, so far as applicable, shall also govern appeals in criminal proceedings.

Motions denied.

On Reconsideration of Appellant's Motions to Extend Time to File Record on Appeal, Time Having Expired, and on Consideration of Appellee's Motion to Dismiss. Appeal.

O. John Rogge, New York, N. Y., for appellant.

John S. Pratt, Special Assistant to the Attorney General, of the Bar of the Supreme Court of Ohio, *pro hac vice,* by special leave of court, for appellee.

George Morris Fay, United States Attorney, Joseph M. Howard, Assistant United States Attorney, and James W. Knapp, Attorney, Department of Justice, also appeared for appellee.

Before STEPHENS, Chief Judge, and EDGERTON and PRETTYMAN, Circuit Judges.

## STEPHENS, Chief Judge.

After the entry of the court's order denying, pursuant to our opinion in this case filed July 24, 1950, the appellant's motions to extend the time to file record on appeal, the appellant filed a petition for reconsideration of the court's ruling and the Government filed a motion to dismiss the appeal. An affidavit of Mr. O. John Rogge was filed in support of the petition for reconsideration and over the objection of the Government, based upon an affidavit of Special Assistant to the Attorney General John S. Pratt, we granted the petition for reconsideration and allowed oral argument. Such argument was made on October 16, 1950 by Mr. Rogge for the appellant and Mr. Pratt for the Government. Thereafter we took under advisement the motions to extend time and the motion to dismiss and we now render decision thereon as follows:

As appears from our previous opinion, the critical date on or before which it was the duty of counsel for the appellant either to file the record on appeal in this court, or, if that was for sufficient reason not possible, to apply, under Rule 39(c) of the Federal Rules of Criminal Procedure, 18 U.S.C. foll. § 687 for an extension of time for cause shown, was May 29, 1950. That was the date to which, upon application by the appellant's counsel, time had already been extended by the District Court. But counsel for the appellant failed on or before that date either to file the record or to make application for an extension of time within which to file it. For that failure, later motions must, if favorable action under Rule 45(b) (2) of the Federal Rules of Criminal Procedure is to be granted, show excusable neglect.

The showing attempted upon the rehearing was as follows: (1) Prior to March 4, 1950, Rogge, because of other activities in which he was engaged and which required his presence from time to time in Europe, delegated to his law partner, Herbert J. Fabricant, Esquire, of New York City, the duty "to prepare and file . . . the record . . .." [1] (2) Fabricant, on June 2, in New York, wrote Pratt in Washington enclosing a motion for an extension to June 15 and requesting Pratt to sign (Pratt having on the same day agreed to do so) a consent to the motion and to file the motion thus consented to. This letter was received in Washington by Pratt on June 6, and the motion, with the consent signed by Pratt, was filed in the District Court on June 7. It merely moved "to extend the time within which he [Christoffel] must file the Record on Appeal herein to June 15, 1950." It made no showing or attempted showing of excusable neglect for the failure of appellant's counsel on or before May 29 either to file the record, or, if that for sufficient reason was not possible, to apply for an extension. (3) On his returns from Europe (Rogge left for Europe

1. Fabricant is not a member of the bar of this court or of the bar of the United States District Court for the District of Columbia, and he could, therefore, enter no appearance for the appellant and could, except by leave of court, *pro hac vice,* make no appearance.

March 4, returned May 3, remained in the United States until May 30, when he again went to Europe, returned June 15), Rogge inquired[2] as to the status of the case, and it was his "understanding that the time for filing the record was extended with the consent of the Government in each instance until May 29, 1950, and then until June 15, 1950." (4) Before June 15, Rogge "obtained consent from the Government to a further extension and subsequent thereto to a still further extension, and during the course of obtaining these extensions found out that . . . [appellant's counsel] were in difficulty in perfecting the appeal." (5) The record could not be prepared and filed by either May 29 or June 15 because the original Government exhibits were not filed in the District Court until the latter date. (6) The record could not be prepared and filed by either May 29 or June 15 because the transcript of proceedings in the District Court was not in the possession of the clerk of that court, it having been lodged with the clerk of the Court of Appeals for the use of the judges of that court in connection with an application of the appellant for release on bail and it not having by the dates mentioned been returned to the District Court.[3] (7) Prior to June 15, a deputy clerk of the District Court had given assurance that as soon as the record on appeal was prepared he would notify Fabricant in New York that it was ready to be transmitted to the Court of Appeals, but no such notice was received by Fabricant up to June 15. (8) Fabricant, "in view of the distance between New York and Washington found it somewhat difficult . . . to follow these events." (9) " . . . at the approximate time when the period within which to file the record on appeal was expiring . . . [Rogge's] firm [Rogge, Fabricant, Gordon and Goldman] was retained by a person who was subpoenaed to appear and testify before a sub-committee of the United States Senate Committee on Foreign Relations meeting in Washington on June 12, 1950. The press of work incidental to the appearance of said client together with other work as well as certain personal problems, hereinafter briefly referred to, caused . . . [Fabricant] to lose track of the precise dates when the time to file the record on appeal would expire." (10) "At and during the times hereinabove referred to, . . . [Fabricant's] wife was approaching the end of a pregnancy which resulted in a seven-week premature birth (by surgical operation) of . . . [their] first child . . .. These personal problems taken together with the press of professional obligations was [sic] so heavy and unpredictable as to understandably divert . . . [Fabricant's] attention from the sequence of events in connection with this appeal."

Items 1 and 9 and that part of Item 10 which refers to the press of professional obligations constitute no excuse for neglect of the appellant's counsel on or before May 29 either to file the record, or if that was for sufficient reason not possible, to apply for an extension of time for cause shown. We ruled in Citizens' Protective League v. Clark, 85 U.S.App. D.C. 282, 178 F.2d 703 (1949) : "That an attorney has other matters in his office which require his attention does not constitute excuse for neglect of attention to any one matter." See to similar effect Maghan v. Young, 80 U.S.App.D.C. 395, 154 F.2d 12 (1946). Moreover, Rogge could not by delegating it to another relieve himself from his duty toward the appellant and, as an officer thereof, toward this court. If his delegate was neglectful, that neglect was in legal effect the neglect of Rogge. Item 2, the attempt on June 2 to obtain an extension through consent of the Government, can constitute, because it was after May 29, no excuse for failure on or before that date either to file the record or to apply for an extension. Moreover, the attempt failed. Upon presentation of the motion to District Judge Letts, he declined to consider it—without doubt because the time within which the record should have been filed had already expired and no

2. Of whom it does not appear.

3. An order granting bail to the appellant was entered on April 6, 1950.

showing of excusable neglect was made. The consent of the Government was not binding upon the court. Citizens' Protective League v. Clark, supra. Item 3 constitutes no excuse. While Rogge's understanding that the time for filing the record had been extended to May 29 was correct, his understanding that it had been extended to June 15 was not correct. The docket entries in the District Court show no extension to June 15. Item 4 constitutes no excuse, again because the asserted consents of the Government were not binding upon the court. Item 5—that the record could not be prepared and filed by either May 29 or June 15 because the original Government exhibits were not filed in the District Court until the latter date —and Item 6—the absence from the District Court clerk's office of the transcript— on the contrary of constituting excusable neglect, obligated Rogge to make timely application for a further extension of time, for cause shown, within which to file the record, and this he did not do except as explained in Item 2 and the comment thereon above. Item 7 is no excuse. If the deputy clerk's assurance was given prior to May 29 and no notice of the record's readiness was given Fabricant on or before that date, he should have made application not later than that date for this cause— lack of readiness of the record—for an extension of time. If the deputy clerk's assurance was given after May 29, it cannot constitute an excuse for failure on or before May 29 either to file the record or, if that was for sufficient reason not possible, to apply for an extension of time. Item 8 is no excuse. Counsel could have consulted the clerk of the District Court through the mails or by telephone. The pregnancy of Fabricant's wife, referred to in Item 10, cannot serve as an excuse for his failure on or before May 29 either to

file the record or, if that was for sufficient reason not possible, to apply for an extension of time, when it did not at the same time interfere with other work including the representation of the person subpoenaed to appear and testify before the Senate subcommittee.[4]

There being thus no showing of excuse for the failure to file the record on or before May 29 or, if that was because of unavailability of the Government exhibits or of the transcript, or for other reason, not possible, to apply on or before that date for an extension of time, for cause shown, we can afford the appellant no relief by enlargement of time under Rule 45(b) (2).

But the instant case involves substantial questions. This court so ruled in granting bail under Rule 46(a) (2) of the Federal Rules of Criminal Procedure.[5] And in a criminal case in which a sentence of imprisonment is involved, there is a public interest against denial of consideration on appeal of substantial questions as to the lawfulness of the conviction. For if the conviction is erroneous it is abhorrent to justice that a defendant shall nevertheless suffer such a penalty for the crime charged. The Supreme Court has on this account vested the United States Courts of Appeals with discretion to consider and determine questions on appeal notwithstanding failure of counsel to make due compliance with the usual procedural requirements. This discretion may be exercised either on application of a party or by the court *sua sponte*. Rule 39(a) of the Federal Rules of Criminal Procedure provides:

Supervision in Appellate Court. The supervision and control of the proceedings on appeal shall be in the appellate court from the time the notice of appeal is filed with its clerk, except as otherwise provided in these rules. The appellate court may at any time entertain a

---

4. Moreover, it was conceded in oral argument that the surgical operation undergone by Fabricant's wife occurred some weeks after May 29, 1950.

5. Rule 46(a)(2), Federal Rules of Criminal Procedure, provides:

Upon Review. Bail may be allowed pending appeal or certiorari only if it

appears that the case involves a substantial question which should be determined by the appellate court. Bail may be allowed by the trial judge or by the appellate court or by any judge thereof or by the circuit justice. The court or the judge or justice allowing bail may at any time revoke the order admitting the defendant to bail.

motion to dismiss the appeal, or for directions to the district court, or to modify or vacate any order made by the district court or by any judge in relation to the prosecution of the appeal, including any order fixing or denying bail.[6]

The Supreme Court has recognized the applicability of this rule to situations not materially dissimilar to that in the instant case. Forte v. United States, 302 U.S. 220, 58 S.Ct. 180, 82 L.Ed. 209 (1937); Ray v. United States, 301 U.S. 158, 57 S.Ct. 700, 81 L.Ed. 976 (1937); Kay v. United States, 303 U.S. 1, 58 S.Ct. 468, 82 L.Ed. 607 (1937).[7]

In the Forte case, a bill of exceptions had within the thirty days allowed by then Rule IX of the Criminal Appeals Rules for settlement of a bill been prepared, agreed to by counsel for the United States and for the appellant and "submitted" by filing the same with the District Court Clerk. But the judge who had tried the case was out of the jurisdiction and the bill was not settled and signed by him until after the expiration of the thirty-day period, when he returned. Under Rule XIII then in effect the bill could have been settled and signed by another judge had counsel or the clerk presented it to him; but this was not done. The bill was however transmitted by the clerk of the District Court to the clerk of the Court of Appeals (this court). There were assignments of error involving solely the sufficiency of the evidence to sustain a verdict of guilty, under which a sentence of imprisonment had been imposed. This court heard the appeal, no question then having been raised as to the validity of the bill, and adjudged that the judgment of conviction be reversed. Thereafter, on a petition for rehearing, the United States, for the

first time, raised a question as to the validity of the bill and moved to strike it. If the court was required to strike the bill, the conviction must have been affirmed and the sentence of imprisonment made effective. The case was certified to the Supreme Court. That Court held, in view of then Rule IV, that this court might "in its sound discretion, refuse to strike the bill of exceptions and approve the settlement and filing theretofore had." The Court said:

> Under the comprehensive provisions of Rule IV, the Court of Appeals may vacate or modify any order made by the trial judge in relation to the prosecution of the appeal and this authority extends to any order fixing the time for the settlement and filing of a bill of exceptions. Ray v. United States, 301 U.S. 158, 163, 164 [57 S.Ct. 700, 81 L.Ed. 976]. The Court of Appeals may extend the time or shorten the time. Through its supervision and control it may correct any miscarriage of justice in respect to the settlement of the bill of exceptions. Neither party is remediless when such corrective action is required. To that end, and in order to give a desirable flexibility, the rules do not attempt to lay down specific requirements to meet various situations but place upon the Court of Appeals full responsibility for the exercise of a reasonable control over all the proceedings relating to the appeal. Ray v. United States, supra.
>
> In this instance, had the question been raised *in limine*, the Court of Appeals would have had power to determine what the interests of justice required and it lost none of that power by reason of the fact that the question was not brought to its attention until the court had heard argument and reached a decision upon the assumption that the bill of exceptions was properly before it. As no question appears to have been raised as to the propriety or sufficiency of the bill of excep-

6. *In pari materia* with Rule 39(a) is Rule 52(b): "Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." This court has in the following instances applied that rule: Robertson v. United States, 84 U.S.App.D.C. 185, 171 F.2d 345 (1948); Shelton v. United States, 83 U.S.App.D.C. 257, 169 F.2d 665 (1948). The Supreme Court applied the rule in Fisher v. United States, 328 U.S. 463, 66 S.Ct. 1318, 90 L.Ed. 1382 (1945).

7. The rule under which those cases were decided was Rule IV of the Rules of Practice and Procedure in Criminal Cases (also referred to as the Criminal Appeals Rules), promulgated by the Supreme Court, May 7, 1934, 292 U.S. 661. The revised Rules of the Supreme Court in effect at the same time are set forth in 286 U.S. 593. The provisions of Rule IV, which are quoted in the text below, parallel, so far as here pertinent, the provisions of present Rule 39(a).

tions, apart from the time of settlement and filing, it would be a mere idle form to extend the time and return the bill of exceptions for resettlement accordingly, which the Court of Appeals has power to do, and thus to have the same bill of exceptions again presented and the case heard anew upon the merits, and the court may, in its sound discretion refuse to strike the bill of exceptions and approve the settlement and filing heretofore had. [302 U.S. at page 223–224, 58 S. Ct. at page 182, 82 L.Ed. at pages 212–213].

In the Ray case, the power of a court of appeals to extend the time for filing a bill of exceptions in order that the evidence might be set forth (as required by Supreme Court Rule 8 then in effect) in condensed and narrative form and its power to require the trial judge to so set forth the evidence was recognized although the time within which the trial judge could do so had expired. The petitioner in that case had been convicted of violation of the mail fraud and conspiracy statutes and sentenced to imprisonment. His timely appeal was taken on June 30, 1936. Within thirty days thereafter the trial judge extended the time to file the bill of exceptions to and including November 1, 1936. The testimony in the case was voluminous, and on October 20, after unsuccessful efforts to obtain an agreement as to condensation of the evidence, the petitioner applied to the trial judge for an extension of time to settle and file the bill. But it was found that the trial judge was without authority to grant that extension, and the petitioner therefore moved in the Court of Appeals for the Second Circuit for an extension, but this motion was denied on October 27. The petitioner then asked the trial judge to settle the stenographer's minutes as the bill of exceptions, and on November 2 the bill so prepared was settled and filed.[8] On November 16, the Government moved to docket and dismiss the appeal upon the ground that the petitioner had failed to comply with Rules VIII and IX of the Criminal Appeals Rules then in effect, which related to the function of a bill of exceptions in a criminal appeal. That motion was granted. On a rehearing, petitioner insisted that it was impossible within the allotted time to set forth the evidence in condensed and narrative form and requested that the Court of Appeals exercise its discretionary power under Rule IX to the end that the defect in the bill might be cured.[9] That request was treated by the Court of Appeals as a motion to amend the record, and was denied. The court took the view that as, by the assignment of errors filed with the bill of exceptions the question was raised as to the sufficiency of evidence to support the conviction, it was necessary under Rule 8 that the evidence should be properly presented in condensed and narrative form; and the court held that the time for settlement of the bill could not be enlarged, and that if the bill were returned to the trial judge he would be powerless to correct, amend or resettle it, as the time for such action had expired. The Court of Appeals therefore denied the motion to amend the record and granted a motion to dismiss the appeal. The Supreme Court ruled that the view of the Court of Appeals that it lacked power to enlarge the time was erroneous. The Court said:

The Rule presupposes that the trial judge, who is familiar with the proceedings on the trial, is in a position to estimate the length of time that is necessary for the preparation and filing of the bill of exceptions, and he is permitted within thirty days after the taking of the appeal to fix that time. That is the limit of his authority,[10] save as he may act under the direction of the Circuit Court of Appeals. But while this limit is placed upon the power of the trial judge, the Criminal Appeals Rules give full authority to the Circuit Court of Appeals to set aside or modify his entertain a motion by either party for the correction, amplification, or reduction of the record filed with the appellate court and may issue such directions to the trial court, or trial judge, in relation thereto, as may be appropriate."

8. The decision in the Supreme Court did not turn upon the late filing, i. e., November 2 rather than 1. November 1 fell on a Sunday and the Court held that under Rule XIII then in effect filing of the bill on the following day was within time.

9. The pertinent portion of Rule IX provided: " . . . The appellate court may at any time, on five (5) days' notice,

10. A footnote included numerous citations of authority.

order whenever it appears that there has been an abuse of discretion or that the interests of justice require it.

The fundamental policy of the Criminal Appeals Rules is that as speedily as possible, upon the taking of the appeal, the Circuit Court of Appeals shall be invested with jurisdiction to see that the appeal is properly expedited and to supervise and control all proceedings on the appeal "including the proceedings relating to the preparation of the record on appeal." For this purpose the Rules provide that the notice of the appeal shall be filed in duplicate with the clerk of the trial court and a copy of the notice shall be served upon the United States Attorney. Rule III. By Rule IV it becomes the duty of the clerk of the trial court immediately to forward the duplicate notice of appeal to the clerk of the appellate court, together with a statement from the docket entries in the case substantially as provided in the form annexed to the Rules. This is a ministerial duty which the clerk of the trial court must perform. With respect to the authority of the Circuit Court of Appeals, Rule IV provides:

"From the time of the filing with its clerk of the duplicate notice of appeal, the appellate court shall, subject to these rules, have supervision and control of the proceedings on the appeal, including the proceedings relating to the preparation of the record on appeal.

"The appellate court may at any time, upon five (5) days' notice,[11] entertain a motion to dismiss the appeal, or for directions to the trial court, or to vacate or modify any order made by the trial court or by any judge in relation to the prosecution of the appeal, including any order for the granting of bail."

These provisions are comprehensive. The clause that the appellate court's supervision and control shall be "subject to these rules" refers to the rules governing the action of the appellate court. To make effective this supervision and control, any matter requiring correction may be brought before the appellate court upon the short notice of five days. Thus there may be not only a motion to dismiss the appeal but "for directions to the trial court" and "to vacate or modify *any order* made by the trial court or by any judge in relation to the prosecution of the appeal." As the supervision and control of the proceedings on the appeal expressly embraces the proceedings "relating to the preparation of the record on appeal," it cannot be said that an order made by the trial judge fixing the time for the settlement and filing of a bill of exceptions is excluded. It is, of course, assumed that the Circuit Court of Appeals will not lightly interfere with the action of the trial judge. But the Rules appropriately provide for the correction of any miscarriage of justice in this respect, and the lodging of the supervision and control with the appellate court gives

the highest assurance that on the one hand the action of the trial judge will not be interfered with unnecessarily and on the other that neither party will be remediless when corrective action is required. For example, it may clearly appear on a showing by the Government that the time allowed by the trial judge for the filing of a bill of exceptions is altogether too long and that, in the interests of a reasonably prompt disposition of the appeal, it should be shortened; or it may clearly appear that the time allowed is unreasonably short and that justice requires that an extension should be granted. To give a desirable flexibility, the Rules do not attempt to lay down specific requirements to meet various situations but place upon the Circuit Court of Appeals full responsibility for the exercise of a reasonable control over all proceedings pertaining to the appeal and all the orders of the trial court or judge in that relation. [301 U.S. at pages 162–164, 57 S.Ct. at pages 702–703, 81 L.Ed. at pages 980–982].

The Court of Appeals had rested its action above described not only upon its mistaken view of its authority, but also upon the ground that even if it had power to grant the request for amendment of the record the circumstances (insufficiency of excuses for delay) justified its denial. The Supreme Court concluded that it could not say that the Court of Appeals had either failed to exercise or abused its discretion. It said: "The supervision and control of the Circuit Court of Appeals under the Criminal Appeals Rules calls for the exercise of a sound judicial discretion, and its action will not be reviewed unless it appears that its discretion has been abused."[12]

In Kay v. United States, the Court of Appeals for the Second Circuit had rightly held that the bill of exceptions was not settled and filed in time and had accordingly declined to consider errors arising upon the bill. But the Supreme Court, for the reason that the Court of Appeals decision had been rendered before the decision of the Supreme Court in Ray v. United States construing Rule IV and might, therefore, have been rendered upon the assumption that the Court of Appeals had no power to approve the settlement and filing of the bill and to pass upon the

11. This time limit, it will have been noted, does not appear in present Rule 39(a).

12. The record in the Ray case shows that the delay involved in filing a proper bill of exceptions was that of petitioner himself who was a member of the bar, although not engaged in active practice, and who endeavored to prepare the record on appeal himself.

rulings it disclosed, vacated the Court of Appeals judgment sustaining a conviction (of violations of the Home Owners' Loan Act of 1933, 12 U.S.C. § 1461 et seq.) and sentence of imprisonment and remanded the case so that the Court of Appeals might be free to exercise its discretion under Rule IV. The Supreme Court said: "That rule gives to the Circuit Court of Appeals full supervision and control of the proceedings on appeal, 'including the proceedings relating to the preparation of the record on appeal.' The appellate court in the exercise of its sound discretion, has authority to provide for the correction of any miscarriage of justice in connection with any action of the trial judge relating to the settlement and filing of a bill of exceptions." [303 U.S. at pages 9–10, 58 S.Ct. at page 473, 82 L.Ed. at page 614.]

Under our system of administration of justice according to law, lawyers are professionally trained and are accredited by the courts through admission to practice, and, in representing the parties to litigation in the courts, they are officers of the courts. Accordingly, the parties to litigation are, generally, bound by both the acts and the omissions of their lawyers. Moreover, the rules fixing the time for the taking by the parties through their counsel of the procedural steps requisite in the prosecution and presentation of a cause are necessary for the orderly and equal administration of justice according to law and must be vigorously enforced. Therefore, the dispensatory discretion vested in the United States Courts of Appeals under Rule 39(a) should be exercised sparingly. We conclude, however, that in the instant case it should be exercised. There is nothing in the record to show that the appellant was personally neglectful of the appeal or that he had had, prior to their failure to file the record in time or within time to apply for an extension, any reason to

doubt that his counsel would give due attention to the appeal. We think that under these circumstances to dismiss the appeal because of counsel's failure to file the record in time and thereby to subject the appellant to imprisonment without consideration of the substantial questions in the case would be a miscarriage of justice which should not be permitted to occur. Therefore, although we are obliged to deny the motions for enlargement of time as made under Rule 45(b) (2) on account of alleged excusable neglect, finding the neglect not excusable, we shall, acting under Rule 39(a), on our own motion, modify the District Court's order of May 15 extending the time for filing the record to May 29 by extending the time to ten days after the date of this decision. We shall deny the motion to dismiss the appeal, but without prejudice to a further such motion should a new ground arise.

But while we thus, in the interest of justice, save the appellant and his appeal from the neglect of his counsel, we think that where in a criminal case, because of the neglect of counsel without excuse, the *sua sponte* intervention of the court, under Rule 39(a), is required to prevent the dismissal of an appeal and the subjection of an appellant to imprisonment without consideration of substantial questions involved in the case, disciplinary action on account of such neglect ought to be considered. Therefore this case, and other similar criminal cases, will be referred to the Committee on Admissions and Grievances for its consideration and such recommendation or petition to the court in respect of the conduct of appellant's counsel as the Committee may see fit to present.

Motions to enlarge time as made under Rule 45(b) (2) denied.

Time extended under Rule 39(a).

Motion to dismiss appeal denied, without prejudice to a further such motion should a new ground arise.