**Ronald J. REID, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 15320.

United States Court of Appeals
District of Columbia Circuit.

June 15, 1960.

Mr. Ronald J. Reid filed pleadings pro se.

No appearance for appellee.

Before WILBUR K. MILLER, BAZELON and BURGER, Circuit Judges, in Chambers.

PER CURIAM.

Upon consideration of the petition for leave to prosecute an appeal in forma pauperis, the opposition and of the reply to the opposition, it is

Ordered by the court that the petition for leave to prosecute an appeal in forma pauperis is denied.

BAZELON, Circuit Judge (dissenting).

Petitioner was convicted of grand larceny in the District Court. He was represented at that proceeding by retained counsel who filed a timely notice of appeal. Because petitioner failed to comply with Rule 33(b) of our rules, 28 U.S.C.A. relating to the preparation of the trial transcript, this court ordered the appeal docketed and issued an order on August 17, 1959, to show cause why the appeal should not be dismissed. Since no answer was received from either petitioner or his counsel within the time provided, this court dismissed petitioner's appeal by an order of August 27, 1959.

On October 10, 1959, petitioner, *pro se,* filed in this court a pauper's affidavit and requested us to stay an order dismissing his appeal and grant him time to comply with Rule 33(b). This request was based on allegations that after retained counsel filed the notice of appeal, he withdrew without informing petitioner of his action and that such withdrawal deprived him of the opportunity to act in his own behalf. This court denied petitioner's request on January 25, 1960. I joined in that action noting, however, that in accordance with Waterman v. McMillan, 77 U.S.App.D.C. 310, 135 F.2d 807, petitioner's request should be denied without prejudice to the filing in the District Court of an application for leave to appeal without prepayment of costs.

On February 3, 1960, petitioner filed such an application in the District Court. It was denied on February 26, 1960, on the ground that the District Court would not permit petitioner to circumvent or nullify the orders of this court dismissing his paid appeal by now granting leave to proceed in forma pauperis. Petitioner then renewed his application in the instant petition in this court to proceed on appeal without prepayment of costs. In substance petitioner now requests that we vacate our order dismissing his paid appeal.

This court has the discretion to vacate its previous order, Belton v. United States, 104 U.S.App.D.C. 81, 259 F.2d 811; Blunt v. United States, 100 U.S. App.D.C. 266, 244 F.2d 355 and in similar circumstances has done so to avoid a miscarriage of justice, see Evans v. United States, 107 U.S.App.D.C. 324, 277 F.2d 354. In my opinion the proper administration of criminal justice requires that we not deny petitioner's present application if the case presents a question that is not plainly frivolous, see Christoffel v. United States, 88 U.S.App.D.C. 1, 10, 190 F.2d 585, 594. To determine whether such a question exists I would hold the petition in abeyance and appoint counsel to assist petitioner in making that showing, Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060.