**PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,**

v.

**John N. REYES, aka Johnny N. Reyes, Defendant-Appellant.**

No. 86–1084.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 1986.*

Decided Sept. 25, 1986.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a) and 9th Cir.R. 3(f).

Elizabeth Beebe Volz, Agana, Guam, for plaintiff-appellee.

Frederick J. Horecky, Agana, Guam, for defendant-appellant.

Before CHOY, ALARCON and BEEZER, Circuit Judges.

ALARCON, Circuit Judge:

John N. Reyes (hereinafter Reyes) appeals from the order denying his motion to set aside the dismissal of his appeal of judgment of the conviction for manslaughter and possession of a deadly weapon in the Superior Court of Guam. The district court dismissed the appeal because Reyes' appointed counsel failed to require employees of the Clerk of the Superior Court of Guam to prepare the record on appeal in a timely manner as required by Rule 8(f) of the Rules of Appellate Procedure, District of Guam. Reyes seeks reversal on two grounds:

One. The record on appeal was timely filed.

Two. Dismissal was too harsh a sanction under the circumstances of this case.

We discuss each issue and the facts pertinent thereto under separate headings.

## I. APPOINTED COUNSEL FAILED TO COMPLY WITH THE RULES

The judgment of the Superior Court of Guam was entered on September 16, 1985. Reyes' appointed counsel, Frederick J. Horecky, filed the notice of appeal on September 19, 1985, well within the ten day requirement of Guam R.App.P. 4. An appellant must order a transcript of the proceedings he deems necessary for the disposition of the appeal within ten days of the filing of the notice of appeal. Guam R.App.P. 7(b). On October 1, 1985, Mr. Horecky filed a motion in the Superior Court of Guam to extend the time until October 15, 1985, for the designation of the record on appeal. This request was granted on October 16, 1985. On October 15, 1985, Mr. Horecky filed a designation of record and a separate request for a reporter's transcript. The request for a reporter's transcript makes no reference to any arrangement with the reporter for the payment of the costs.[1]

On October 30, 1985, the Clerk of the Superior Court of Guam transmitted the record on appeal except for the reporter's transcript. In the cover letter addressed to the clerk of the district court, the clerk of the superior court informed the court as follows:

On the 15th day of October, 1985, the transcript was ordered by the appellant, who was pursuing his appeal in forma pauperis. As of this date, we have not received Form CJA 24 from your office. The assigned court recorder will not com-

---

1. The text of the request for the reporter's transcript reads as follows:

Pursuant to the District Court Rules of Appellate Procedure, Defendant-Appellant requests a reporter's transcript of the following proceedings:

1. Hearing on Motion to Dismiss Indictment, June 25, 1985;

2. Hearing on Motion in Limine, July 2, 1985;

3. Complete Trial proceedings, July 2 et. seq., 1985;

4. Hearing on Defendant's Motion to Dismiss and Motion for New Trial, September 4, 1985.

mence said transcript until we received [sic] the CJA Form.

A copy of the cover letter was sent to Mr. Horecky and Deputy Attorney General Thomas J. Lannen.

On October 31, 1985, Reyes filed a motion to proceed in forma pauperis. In support of his motion, Reyes declared that he was not employed and had no income or cash to support himself and four dependents. The motion was granted on November 4, 1985. In addition, and on the same date, Mr. Horecky was appointed to represent Reyes before the district court.

On January 14, 1986, the Clerk of the District Court of Guam informed Mr. Horecky that he had failed to submit a copy of CJA Form No. 24 requesting the approval of the court for payment of the costs of the reporter's transcript from government funds based on Reyes' inability to do so. Mr. Horecky filed a copy of CJA Form No. 24 on January 15, 1986.

On January 14, 1986, the district court ordered a hearing be set on January 31, 1986, for a "status call." On that date, the district court dismissed the appeal on the ground that Mr. Horecky had failed to *request* a reporter's transcript within ten days of the filing of the notice of appeal. In response to Mr. Horecky's request that he receive an opportunity to review his records, the district court advised him that he file a "motion to set aside the dismissal."

Mr. Horecky filed a motion to set aside the dismissal of the appeal on February 3, 1986. In his declaration in support of this motion, Mr. Horecky advised the district court for the first time that he had obtained an extension of time until October 15, 1985 to file the designation of the record on appeal from the Superior Court of Guam. Copies of the motion for an extension of time to designate the record and the superior court's order were not filed in the district court or served upon opposing counsel.

On February 21, 1986, Mr. Horecky filed a second declaration in which he declared that when he received a copy of the letter from the Clerk of the Superior Court of Guam addressed to the Clerk of the United States District Court of Guam, he believed that his office had previously submitted CJA Form No. 24 to the clerk of the district court. Because the letter indicated that "we have not received Form CJA 24 from your office," it was his belief that, "[s]aid letter did not indicate the need for any action on my part...." No counter declarations were filed by the Attorney General of Guam.

The district court heard argument on the motion to set aside the order dismissing the appeal on February 21, 1986. There was no appearance from the office of the Attorney General of Guam. After Mr. Horecky advised the court that he had filed the designation of record within the time granted by the Superior Court of Guam, the district court inquired whether counsel had advised the reporter that Reyes was "going to proceed in forma pauperis." Mr. Horecky stated he was not certain whether he "spoke with the court reporter."

The court noted that on November 21, 1984, a memorandum had been sent to all practicing attorneys advising that "[u]pon filing a Notice of Appeal in a pauper case in the District Court, and ensuing the appointment of counsel in forma pauperis, counsel must submit to the judge form CJA–24 requesting for authorization to obtain the necessary transcript on appeal." The district court also observed that after Mr. Horecky was appointed on November 4, 1985, he failed to come to court to request a CJA Form No. 24 and failed to take any action regarding payment of the transcript costs until January 14, 1986.

The court announced its intended decision to deny the motion to set aside the dismissal of the appeal at the close of argument. On February 26, 1986, the district court filed a written order setting forth the bases for the dismissal of the appeal.

The court stated that Reyes had failed to comply with the requirements of Rule 8(e) which compels transmission of the record on appeal to the district court no more than

90 days from the date of the filing of the notice of appeal. The 90th day after the filing of the notice of appeal was December 18, 1985. The reporter's transcript was not transmitted within that time. No motion was made to extend the time for filing the reporter's transcript after that date. The court also noted that under Rule 8(f) it is "the duty of the appellant to make certain that the employees of the Superior Court prepare the record in a timely manner." Guam R.App.P. 8(f).

We agree that Mr. Horecky failed to comply with the rules on appeal for the District Court of Guam. Rule 7(b) provides in pertinent part as follows: "[a]t the time of ordering [the transcript], a party must make satisfactory arrangements with the reporter for payment of the costs of the transcript." Guam R.App.P. 7(b). Mr. Horecky did not make any arrangements for the payment of the reporter. In a forma pauperis case, counsel for the indigent can make arrangements for the payment of the reporter by seeking such authority from the district court. Mr. Horecky failed to do so within the 90 day period set forth in Rule 8(e). He failed to take any action to arrange for the payment of the costs of the transcripts after he received notice that, as of October 30, 1985, the CJA Form No. 24 authorizing such payment at government expense, had not been received. The record supports the district court's finding that Mr. Horecky failed to fulfill his duty to his client and the court to make certain that the reporter's transcript was prepared in a timely manner. Instead, counsel failed initially to make arrangements for the payment of the reporter as required by Rule 7(b) and did nothing when he was made aware that the clerk of the superior court had not received authorization for the preparation of the transcript. Counsel's inaction clearly violated the rules.

## II. THE SANCTION WAS EXCESSIVE

█ We have concluded that Mr. Horecky's delay from October 15, 1986 in making arrangements for the payment of the cost of the reporter's transcript violat-

ed Rule 7(b) and 8(f) of the Rules of Appellate Procedure of the United States District Court of Guam. We must now decide whether the sanction of dismissal was too harsh. We review an order dismissing an action as a sanction for lack of prosecution for abuse of discretion. *Ash v. Cvetkov,* 739 F.2d 493, 495–96 (9th Cir.1984), *cert. denied,* 470 U.S. 1007, 105 S.Ct. 1368, 84 L.Ed.2d 387 (1985).

Rule 22 of the Rules of Appellate Procedure of the United States District Court of Guam provides in pertinent part as follows: "The Presiding Judge shall have authority to dismiss an appeal for failure to comply with these rules after an appeal has been docketed." We are required to look to the relevant case law of the Ninth Circuit in construing the Rules of Appellate Procedure of the District Court of Guam. Guam R.App.P. 1.

We begin our discussion by noting that the violations of the rules were committed by appointed counsel in a criminal case. There is no evidence that the appellant was responsible or aware of his attorney's failure to make arrangements for the payment of the court reporter or the transmittal of a complete record on appeal. We are also mindful of the fact that failure to file a proper request for the payment of the costs of the reporter until January 15, 1986, resulted in a 90 day delay in the prosecution of this criminal appeal. It is also clear from the record, however, that Mr. Horecky filed CJA Form No. 24 the day after being advised by phone by the clerk of the district court that he had failed to do so. Finally, we note that the government offered no evidence at the January 31, 1986 hearing that this delay was prejudicial, and failed to make an appearance at the February 21, 1986 proceedings on the motion to set aside the dismissal of the appeal. In its briefs before this court, the government does not contend that it has been prejudiced.

Dismissal of a criminal appeal for the misdeeds of counsel is an extremely harsh penalty. In the context of a civil rights proceeding, we stated "[b]ecause dismissal

is so harsh a penalty, it should be imposed only in extreme circumstances." *Raiford v. Pounds,* 640 F.2d 944, 945 (9th Cir.1981) (citing *Industrial Building Materials, Inc. v. Interchemical Corp.,* 437 F.2d 1336 (9th Cir.1970)). We do not consider this to be an extreme case.

After obtaining an extension of time, counsel made a timely request for a reporter's transcript. His error involved the failure to make a *pro forma* request for court authorization to pay the cost of the reporter's transcript of a criminal trial. Because the evidence is uncontradicted that appellant is an indigent, the court was under a duty to authorize payment of the costs of a transcript. In fact, the district court granted Reyes in forma pauperis status and appointed counsel on appeal. In *Wyle v. R.J. Reynolds Industries, Inc.,* 709 F.2d 585, 589 (9th Cir.1983), we stated: "[d]ismissal, however, is authorized only where the failure to comply is due to willfulness, bad faith, or fault of the party." There is no evidence in this record of willfulness or bad faith. At worst, the record demonstrates ignorance of the requirements of the law or the neglectful failure to perform a perfunctory task. The government failed to offer any evidence to contradict Mr. Horecky's sworn statement that he believed that a proper request for payment of the reporter's transcript had been filed.

We have also reversed an order of dismissal based on delay where the record does not show prejudice to the opposing party. *Mir v. Fosburg,* 706 F.2d 916, 918–19 (9th Cir.1983). More recently, we have held that dismissal of an action is an abuse of discretion where the district court failed to consider lesser sanctions. *United States v. National Medical Enterprises, Inc. & NME Hospital, Inc.,* 792 F.2d 906, 913 (9th Cir.1986). The district court dismissed Reyes' appeal without discussing less drastic sanctions or the possibility of taking action against court appointed counsel instead of his client.

We have also observed that in considering the appropriateness of a sanction, a court should consider "the public policy favoring disposition of cases on their merits...." *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986). The right of an individual to a hearing on the merits of his appeal from a judgment imposing years of imprisonment, as in the matter before us, is a precious entitlement, so long recognized in our law that no elaboration is necessary to explain that it is a favored policy in a democratic society. The District of Columbia Circuit in *Christoffel v. United States,* 190 F.2d 585 (D.C.Cir.1950) well expressed the concern that we should accord an individual convicted of a criminal offense the right to a hearing on the merits of his appeal notwithstanding his attorney's disregard of the rules of appellate procedure. The court stated in *Christoffel:*

> There is nothing in the record to show that the appellant was personally neglectful of the appeal or that he had had, prior to their failure to file the record in time or within time to apply for an extension, any reason to doubt that his counsel would give due attention to the appeal. We think that under these circumstances to dismiss the appeal because of counsel's failure to file the record in time and thereby to subject the appellant to imprisonment without consideration of the substantial questions in the case would be a miscarriage of justice which should not be permitted to occur.

*Id.* at 594. In another portion of its opinion, the District of Columbia Circuit stated:

> And in a criminal case in which a sentence of imprisonment is involved, there is a public interest against denial of consideration on appeal of substantial questions as to the lawfulness of the conviction. For if the conviction is erroneous it is abhorrent to justice that a defendant shall nevertheless suffer such a penalty for the crime charged.

*Id.* at 590.

■ We conclude that under the circumstances presented by this record, the district court abused its discretion in imposing the sanction of dismissal of this criminal appeal. The delay in prosecution of the appeal was short. No resulting prejudice

has been claimed. Instead, the target of the court's understandable concern for the violation of its rules was the appellant. The district court should have considered imposing sanctions against counsel who was solely responsible for the delay in perfecting the appeal. *See Christoffel,* 190 F.2d at 594 (court referred the matter of counsel's failure to file a timely record on appeal to the Committee on Admissions and Grievances for consideration of disciplinary action).

The order denying the motion to set aside the dismissal of the appeal is reversed. The district court is directed to vacate its order dismissing the appeal, to order preparation of the transcript on appeal, and to consider sanctions against counsel for appellant.

REVERSED and REMANDED.