### UNITED STATES ex rel. ROBINSON v. BAR ASS'N OF DISTRICT OF COLUMBIA.

No. 10909.

United States Court of Appeals,
District of Columbia Circuit.

Decided June 27, 1951.

James J. Laughlin and Albert J. Ahern, Washington, D. C., for appellant.

Godfrey L. Munter, Washington, D. C., for appellee. John L. Laskey, Washington, D. C., also entered an appearance for appellee.

Before CLARK, WILBUR K. MILLER and BAZELON, Circuit Judges.

PER CURIAM.

On February 12, 1951, the appellee filed a motion to dismiss the appeal taken by the appellant on the grounds that the appellant had not filed a bond for costs on appeal as is required by the provisions of Rule 73(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. At the hearing on these motions on May 17, 1951, it appeared that the bond had been improperly filed in the lower court, but the appellee indicated its willingness to withdraw its motion to dismiss if the appellant filed the proper bond. On June 6, 1951, a per curiam order was entered granting appellant's motion for leave to file a cost bond in this appeal in the lower court.

On March 21, 1951, the appellant filed a motion for relief pendente lite. The relief requested took the form of an order requiring the "appellee, a private corporation to admit appellant as a member in full standing, in addition to all other qualified applicants, [of the Bar Association of the District of Columbia] regardless of color and without discrimination of any kind."

The appellant's motion for relief pendente lite, under the facts of this case, is quite an unusual request. He asks for this relief, but he has neither cited authority for his motion nor has he given any reasons why his request should be granted. The authorities which have been cited deal exclusively with the merits of this case as it would, in the normal course, be heard on appeal. No authorities or reasons are given to show why relief is essential pendente lite, and indeed we can find none.

The appellant contends he was denied admission to the Bar Association of the District of Columbia solely because of his racial origin. Suit was instituted in the trial court and the requested relief was

denied. Consequently the appellant took this appeal. Now that he is before this court, he seeks to gain admission to the Bar Association by filing a motion. This type of relief is obviously unwarranted, and, hence, the appellant's motion for relief pendente lite is denied.

Since the motion to dismiss has been withdrawn by the appellee, and the motion for relief pendente lite is denied, the appellee's motion to extend time to answer the motion for relief pendente lite is also denied.

On May 1, 1951, the appellant filed a motion for leave to file a motion for extension of time to file his brief since the time had expired. Although the appellant failed to state the authority for his request, we assume it is made under Rule 32(b) (2) of the Rules of this Court which is substantially the same as Rule 6(b) (2) Federal Rules of Civil Procedure. The appellant has filed an affidavit in support of his motion to explain that the motion would have been timely filed but for having inadvertently sent the motion to the district court instead of this court. We have decided that this is sufficient excusable neglect to entitle the appellant to an extension of time in which to file his brief. Consequently this motion for an extension of time for the appellant to file his brief, time having expired, will be granted.