**PANG–TSU MOW, Appellant,**

v.

**REPUBLIC OF CHINA, Appellee.**

**No. 12391.**

United States Court of Appeals, District of Columbia Circuit.

Order filed Nov. 30, 1954.

Opinion of Chief Judge Stephens Filed Feb. 21, 1955.

See, also, D.C., 105 F.Supp. 411.

Messrs. William A. Roberts and Warren Woods, Washington, D. C., with whom appeared Mrs. Irene Kennedy and Mr. Edward G. Villalon, Washington, D. C., for appellant.

Messrs. William E. Leahy and William J. Hughes, Jr., Washington, D. C., for appellee.

Before STEPHENS, Chief Judge, and EDGERTON and FAHY, Circuit Judges, in Chambers.

Order filed November 30, 1954

PER CURIAM.

This case came on for consideration on the preliminary transcript of record, on appellee's motion to docket and dismiss, and on appellant's motion for leave to file out of time a motion for extension of time within which to designate and file the record on appeal, and said motions were argued by counsel.

On consideration whereof, the Court is of the opinion that appellant's failure to file the record within time would justify dismissal of the appeal as provided for in Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C. However that Rule permits this Court to take such action as it deems appropriate. We deem it appropriate that the appeal from the judgment entered June 21, 1954 be dismissed, except as to one part of that judgment.

It is therefore ordered by the Court:

(1) that the appeal from the judgment entered herein June 21, 1954, be, and it is hereby, dismissed, except as it incorporates a personal judgment against Pang-Tsu Mow, appellant, as set forth in the portion of the judgment which reads as follows:

"2. That plaintiff, Republic of China, is entitled to have and recover of and from defendant, Pang-Tsu Mow, the sum of $6,368,503.47, with

---

6% interest thereon as provided by law, and to have execution for said sum upon any property of defendant, Pang-Tsu Mow, wherever found."

(2) that appellant's motion for leave to file a motion for an extension of time within which to designate and file the record on appeal be granted and that the Clerk be, and he is hereby, directed to file said motion forthwith;

(3) that appellant be, and he is hereby, allowed to and including December 15, 1954 within which to file his designation of the record in the District Court and that the time for filing the complete record on the appeal herein be, and it is hereby, extended to and including January 2, 1955;

(4) that the matter of taxing costs on the appeal shall await the determination of the appeal with respect to the portion of the judgment above set forth; and

(5) that the mandate of this Court with respect to the partial dismissal of the appeal as above indicated shall issue upon the expiration of fifteen (15) days herefrom.

Chief Judge Stephens is of the opinion that appellee's motion to docket and dismiss the appeal should be granted without limitation, and a statement of his views in support thereof will be filed.

Filed February 21, 1955

STEPHENS, Chief Judge, *in support of his view that the motion of the appellant Mow for leave to file out of time a motion for an extension of time within which to designate and file the record on appeal should be granted, but that the motion for extension itself should be denied, and in support of his view that the motion of the appellee Republic of China to docket and dismiss the appeal should be granted without limitation,* filed the following opinion:

The action out of which this appeal has arisen was commenced by the filing in the United States District Court for the District of Columbia, on November 14, 1951, by the appellee Republic of China (hereafter referred to as Republic of China) against the appellant Pang-Tsu Mow (hereafter referred to as Mow) of a complaint, the allegations of which may be summarized as follows:

Mow was director for the Republic of China of its Air Force in the United States; the Republic of China entrusted to Mow as its agent funds aggregating more than $49,000,000 to be used for three purposes: for purchase of items of equipment and supplies for the Air Force; for purchase of items incidental to the development of the aeronautical industry in the Republic of China; as a revolving fund for administrative expenses and miscellaneous authorized expenses. It was Mow's duty as agent, under the terms of his appointment, to return to the Republic of China, upon demand, any unexpended balance of the funds entrusted to him; such unexpended balance amounted to "more than $7,000,000" and this, notwithstanding demand made upon him, Mow refused to pay over.[1]

An affidavit filed in the District Court on the same date as, and apparently accompanying, the complaint, by one Liang Chien Cha, Vice-Minister of Justice of the Republic of China, who had also verified the complaint, made reference to certain moneys on deposit in named banks, in the District of Columbia and elsewhere in the United States, said to be a part of the moneys allegedly entrusted to Mow by the Republic of China. The complaint itself made no mention of bank accounts and did not name banks as defendants; also the record shows no service of process upon banks.

Filed with the complaint in the District Court was a motion for a preliminary injunction to restrain Mow from disposing of any of the moneys claimed to belong to the Republic of China. On November 24, 1951, Mow filed a motion to dismiss the complaint. On December 10, 1951, the District Court entered an order denying that motion and granting the preliminary injunction. Mow filed an appeal to this Court of Appeals from that order. That appeal became No. 11,265.

[1]. One Ve-Shuen Hsiang was also named in the complaint as a defendant but no judgment was entered against him; the judgment from which this appeal is taken was entered against Mow alone. The order of this court does not, therefore, affect Hsiang and no further mention will be made of him in this opinion.

On January 21, 1952, Mow filed an answer to the complaint. On February 1, 1952, the Republic of China served on Mow, through his counsel, notice for the taking of his deposition. He failed to appear and thereupon, on February 11, 1952, the Republic of China filed a motion in the District Court, under Rule 37(d) [2] of the Federal Rules of Civil Procedure, to strike Mow's pleadings and for judgment by default for his failure to appear for deposition. On February 25, 1952, the District Court ordered Mow's pleadings struck and judgment by default rendered against him unless he should appear for deposition on or prior to March 3, 1952. Mow, through his counsel, was given notice of that order but did not appear for the deposition. On May 6, 1952, the District Court, on motion of the Republic of China invoking the Rule above referred to, struck Mow's pleadings and entered a default judgment against him because of his refusal to appear for the deposition. The District Court then referred the case to an auditor for determination of the amount due the Republic of China. From the default judgment Mow, by his counsel, appealed. That appeal became No. 11,392 and was consolidated with appeal No. 11,265. On August 7, 1952, while these two appeals were pending, Mow, who, at a date not made to appear, had gone to Mexico, was arrested there and lodged in jail on an application by the Republic of China for his extradition to Formosa. On November 20, 1952, this court disposed of the two appeals above described by affirming, in No. 11,265, that part of the order of the District Court granting the preliminary injunction but by dismissing that appeal insofar as it sought to review that part of the order denying Mow's motion to dismiss the complaint, and by dismissing No. 11,392, the appeal from the default judgment. 91 U.S.App.D.C. 324, 201 F.2d 195 (D.C.Cir.1952). These dismissals were made on the ground that the orders sought to be reviewed were not, in their then status, reviewable, in view of Rule 54(b) F.R.Civ.P. and Sections 1291 and 1292 of Title 28, U.S.Code.

On June 21, 1954, the report of the auditor to whom the case had been referred having been filed, the District Court, on the basis of that report, entered judgment that the Republic of China is entitled to have and recover from and of Mow the sum of $6,368,503.47 and to have execution for that sum upon any property of Mow wherever found. The judgment also lists moneys deposited in banks by Mow and declares such moneys the property not of Mow but of the Republic of China, and orders Mow to deliver to counsel for the Republic of China instructions addressed to the banks to pay over to the Republic of China the moneys therein deposited; it further orders the Clerk of the District Court, if Mow does not deliver such instructions, to issue a direction to the banks to pay over. The judgment further provides that such moneys as are collected from the banks shall be credited against the amount owed by Mow under the personal judgment entered against him. Notice of appeal from that judgment was filed by Mow on July 12, 1954. The present motion of the Republic of China to docket and dismiss the appeal was filed on August 26, 1954. The appeal was docketed as No. 12,391, the present appeal. Mow's motion for leave to file out of time a motion for extension of time within which to file the record was filed on August 31, 1954.

Disposition of the present motions involves certain of the Federal Rules of Civil Procedure and of the General Rules

---

2. Rule 37(d) provides as follows:

**Failure of Party to Attend or Serve Answers.** If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party.

of this Court of Appeals. Rule 73(a) F.R.Civ.P. provides that a party may appeal from a judgment by filing with the District Court, within a time specified, a notice of appeal. The Rule provides also that failure of the appellant to take any of the further steps to secure a review of the judgment does not affect the validity of the appeal, but is ground only for such remedies as are specified in the Rule or, when no remedy is specified, for such action as the appellate court "deems appropriate"—which may include dismissal of the appeal. Under the Rules one of the further steps to be taken to secure review of a judgment appealed from is the filing of the record and the docketing of the appeal; and Rule 73(g) provides that the record shall be filed with the appellate court, and the appeal docketed, within 40 days from the date of the filing of the notice of appeal. Rule 15(a) of the General Rules of this court provides that it shall be the duty of the appellant in civil cases to file the record on appeal with the Clerk of this court within the time allowed by Rule 73(g) F.R.Civ.P., or as extended by this court pursuant to subdivision (c) of Rule 15. That subdivision provides for an extension of time, if good cause be shown, provided the motion for extension is made within the 40-day period prescribed by Rule 73(g) F.R.Civ.P. for docketing the complete record, or as extended by order of the District Court. Rule 32(b) of the General Rules of this court provides that when by the rules an act is required or allowed to be done at or within a specified time ". . . the court or a judge thereof for cause shown may . . . (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect."

In the instant case Mow's notice of appeal was filed within the time prescribed by Rule 73(a), but the record was not filed within the 40-day period prescribed by Rule 73(g). The motion of the Republic of China to docket and dismiss the appeal is upon that ground.

Mow having failed to file the record within the prescribed time, the only basis upon which this court, within its own Rules, can properly grant an extension of time to file the record, and thus preserve the appeal, is the basis provided for in Rule 32(b) last above quoted, to wit, that of excusable neglect.

The written showing made by Mow under his motion for leave to file a motion to extend time is embodied in his written opposition to the Republic of China's motion to dismiss. In addition, on the oral argument before this court, statements of fact were made in behalf of Mow by his counsel. The showing, both written and oral, thus made by Mow may be summarized as follows:

(1) During the period succeeding the filing of the notice of appeal Mow has been confined in a jail in Mexico awaiting determination of a proceeding in which it is sought by the Republic of China to extradite Mow to Formosa. It has therefore been difficult for Mow's counsel to communicate with him.

(2) Funds for the cost of prosecuting the appeal have not been provided by Mow although counsel were given substantial reason to believe that they would be made available.

(3) Mow was not released and thereby made available to participate in his own defense prior to the expiration of the prescribed period for the preparation and filing of the record, although counsel were given substantial reason to believe that that would occur.

But in respect of (1) the following was made to appear, in part through a written reply filed by the Republic of China and in part by statements made in oral argument by counsel:

Though in jail in Mexico, Mow has been represented by Mexican counsel through whom he could be communicated with. Such Mexican counsel were requested by Mow's American counsel to ascertain from Mow whether or not he desired to preserve the appeal; such Mexican counsel attempted to obtain a decision by Mow on that subject, but no such decision was communicated to Mow's American counsel.

## I

This court has long treated the term "excusable neglect" as used in its Rule 32(b) (2) to mean some reasonable ground for the failure to act in time or to apply within time for an extension of the time within which to act. Cf. Burke v. Canfield, 72 App.D.C. 127, 111 F.2d

526 (D.C.Cir.1940); Maghan v. Young, 80 U.S.App.D.C. 395, 154 F.2d 13 (D.C. Cir.1946); Citizens' Protective League v. Clark, 85 U.S.App.D.C. 282, 178 F.2d 703 (D.C.Cir.1949); United States ex rel. Robinson v. Bar Association of District of Columbia, 89 U.S.App.D.C. 185, 190 F.2d 664 (D.C.Cir.1951).

I am unable to conclude under the showing described above that there was excusable neglect, i. e. reasonable ground, for Mow's failure to file the record within the time prescribed, or within that time to make application for an extension of time within which to file the record. In the first place that failure was, it appears to me, not by reason of neglect in the strict sense of that word, but because Mow's American counsel reached an advertent decision not to take within time the necessary steps to protect the appeal. In the second place if the failure could be said to have been due to neglect it was not "excusable" neglect. As to (1), the asserted difficulty in communicating with Mow: Since Mow was communicated with through his Mexican counsel on the subject of preserving the appeal, but withheld decision, the duty of his American counsel to apply within time for an extension of time within which to file the record was accented. If an ultimate reply from Mow as to his desire to preserve the appeal proved negative, no harm would have come from preserving the appeal by obtaining an extension. As to (2), the lack of funds: No money, so far as court fees are concerned, and little effort, would have been required for the filing of a timely motion for an extension of time. Moreover, if Mow's American counsel were not being paid for prosecuting the appeal and desired on that account to discontinue their representation, they could have asked leave to withdraw and at the same time filed an application for an extension of time in their client's protection. Since they did not withdraw they remained under a duty to take the necessary steps to preserve the appeal in the interest of their client. As to (3), Mow's asserted unavailability for participation in his own defense: That also but sharpened the duty of counsel to apply within time for an extension of time, so that in the event opportunity for conference with their client developed it might be made fruitful.

I think there is no basis under the present showing for applying in the instant case the ruling in Christoffel v. United States, 88 U.S.App.D.C. 1, 190 F.2d 585 (D.C.Cir.1950), assuming, arguendo, that the ruling in that case, a criminal proceeding, is applicable in the instant case which is civil. In the Christoffel case although it appeared that counsel for the appellant had failed to file the record in time because of engrossment with duties towards another client, there was no showing that the appellant himself had been neglectful of the appeal, or that he had had any reason to doubt that his counsel would give due attention to preservation of the appeal. Under those circumstances the court exercised its discretion under Rule 39(a) F.R. Crim.P., 18 U.S.C., to save the appeal. But in the instant case it appears, as above stated, that although Mow was communicated with and a decision requested as to whether or not the appeal should be preserved, he himself withheld decision.

## II

With reference to the ruling of the court that it is, in view of Rule 73(a), "appropriate" not to dismiss the entire appeal: If the Federal Rules of Civil Procedure thus set up a less strict standard than the Rules of this court, still, in my view, in a case such as this, where the Rules of the court have not been complied with, there should be some affirmative showing of "appropriateness" for preserving the appeal. The court's judgment recites no showing, and I find none. The fact that the judgment appealed from is a default judgment can hardly support the court's ruling that it is appropriate to save the appeal in part. It was not the usual default judgment entered because of failure to answer; it was a default judgment entered after Mow had filed an answer, and because of an apparently delib-

erate refusal to appear for deposition after due notice.

## III

If it be assumed, *arguendo*, that there is a showing on the present record of excusable neglect, or of some fact making it "appropriate" to save the appeal, in my view there is no warrant for not saving the appeal as a whole. In the absence of a showing of excusable neglect for failure to file the record in time or within time to apply for an extension of time, or of some fact which makes it "appropriate" to save the appeal, I think the entire appeal should be dismissed.

## IV

Dismissal of the appeal "except as it incorporates a personal judgment [in the sum of $6,368,503.47] against Pang-Tsu Mow" seems to me not warranted. The theory of the court appears to be that the appeal may be divided into two parts, one involving a personal judgment against Mow and the other those provisions of the judgment directing Mow, or alternatively the Clerk of the District Court, to authorize the banks to make payment to the Republic of China. I am not able to agree that the appeal may be thus divided.

The complaint of the Republic of China sounds in breach of trust by Mow; and as said above there is nothing in the complaint concerning bank accounts. As to the affidavit, it is apparent therefrom that those accounts were merely claimed to contain a part of the moneys allegedly entrusted to Mow by the Republic of China; and as said above also, the banks were not made defendants and the record shows no service of process upon them. The directions in the judgment with respect to the banks are merely ancillary to, and an attempt to afford a means for collecting a part of the moneys due the Republic of China under, the judgment against Mow himself; in short, the directions are an attempt at something in the nature of a garnishment or attachment proceeding. This is made abundantly clear by the provision above referred to of the judgment that such moneys as are collected from the banks shall be credited against the amount owed by Mow under the personal judgment. Under these circumstances I can see no legal basis for splitting the appeal, *i. e.* dismissing it as to that part of the judgment purporting to authorize the banks to make payment to the Republic of China and thereby allowing the Republic of China, if it can do so, to collect from the banks a part of the moneys due from Mow, but preserving the appeal with respect to any amount not thus collected. Even as to Mow himself this, in my view, is not warranted for if Mow prosecutes that part of the appeal which is preserved —under the present ruling of the court— and if he prevails on the appeal so that the default judgment of the District Court is reversed and a trial ordered on the issues raised by his answer, and if in that trial Mow prevails, *i. e.* establishes that he owes no moneys to the Republic of China, then the Republic will not be entitled to any of the sums which it may in the meantime, pending the appeal, have secured from the banks. The appeal is in a case in which there is but one party defendant against whom the judgment appealed from was entered and in which there is but a single issue, to wit, whether or not the Republic of China is entitled to the moneys it claims to be due from Mow. I am aware of no precedent, and none is mentioned in the judgment of the court, for splitting the appeal, saving a part and dismissing a part, under these circumstances.