UNITED STATES ex rel. BAUER v. SHAUGHNESSY.

No. 101, Docket 21477.

United States Court of Appeals Second Circuit.

Argued Dec. 8, 1949.

Decided Dec. 27, 1949.

Gunther Jacobson, New York City, for relator.

Harold J. Raby, New York City, for respondent.

Before L. HAND, SWAN and FRANK, Circuit Judges.

PER CURIAM.

In reversing the order which dismissed the writ of habeas corpus to review the deportation of the relator as an alien enemy,[1] we said that the proceeding then pending to deport him for an illegal entry, had not become stale, but that it "must be brought to a speedy conclusion" after the proceeding to deport him as an enemy alien had ended. That proceeding did end, and the proceeding to deport him for an illegal entry has also ended by a decision of the Board of Immigration Appeals, dismissing the relator's appeal from a warrant of deportation, issued on January 31, 1949. The writ before us was issued to release the relator from custody under that warrant; and the order on appeal "sustained" it, and ordered the relator "released." We should of course have had jurisdiction over the order had the release been unconditional; but it was not, for the relator was to be released only in case the "Immigration and Naturalization Service within twenty (20) days after the entry of this order" failed to grant him "a reopened hearing on the issue of discretionary relief." Execution of the order was stayed pending appeal, by which we understand that upon entry of the order determining this appeal, the "Immigration and Naturalization Service" is to have twenty days within which to decide whether to grant the "reopened hearing on the issue of discretionary relief."

Both parties have appealed and both appeals must be dismissed, for the order is not final. If the "Immigration and Naturalization Service" fails to "grant a reopened hearing" within twenty days after dismissal of this appeal, an order can thereafter be entered which will unconditionally release the relator, and the respondent will then be in a position to appeal. On the other hand, if it grants such a hearing, the outcome will depend upon how they dispose of "the issue of discretionary relief," and that we cannot divine. As things stand, it is, however, impossible either to release the relator, or to remand him to the respondent's custody for deportation. The writ has not been finally disposed of, and the order is as little appealable as a judgment which grants a motion to dismiss a complaint with leave to plead over. Western Electric Co. v. Pacent Reproducer Corp., 2 Cir., 37 F.2d 14; Atwater v. North American Coal Corp., 2 Cir., 111 F.2d 125; Oppenheimer v. F. J. Young & Co., 2 Cir., 144 F.2d 387; United States v. Heckinger, 2 Cir., 163 F.2d 472, was quite different; the libellant complained that the release of a motor car, *pendente lite,* by giving a bond, finally disposed of its interest that the car should not be used during that period in distributing narcotics. That interest—which was quite separate from the interest of the libellant in the permanent change in possession of the car that a final decree for the libellant would bring about—would be finally adjudicated by the district court, unless there was an appeal. There is no such interest in the case at bar.

Appeal dismissed.

---

1. U. S. ex rel. Bauer v. Watkins, 2 Cir., 171 F.2d 492, 495.