286 F.2d 320
 UNITED STATES ex rel. Vito D'AMICO, Petitioner,
v.
Earle BISHOPP, United States Commissioner, Ruggero Farace, Consul General for the Republic of Italy, and the Republic of Italy, Respondents.
 No. 26452.
 United States Court of Appeals Second Circuit.
 Argued October 31, 1960.
 Decided January 23, 1961.
 
 Harold Harper, of Harper & Matthews, New York City (Samuel Newfield, New York City, on the brief), for relator-appellee.
 David A. Botwinik, of Fink & Pavia, New York City, for respondent-appellant Ruggero Farace.
 Before SWAN, CLARK, and MEDINA, Circuit Judges.
 CLARK, Circuit Judge.
 
 
 1
 This appeal from an order in an action for habeas corpus arises out of extradition proceedings commenced against the relator D'Amico on behalf of the Republic of Italy pursuant to the Convention of 1868 between Italy and the United States, 15 Stat. 629, as amended by the Supplementary Convention of 1884, 24 Stat. 1001. In 1958, upon a complaint of the Republic of Italy charging relator with kidnapping, relator was arrested and brought before a United States Commissioner in accordance with the procedure set forth in 18 U.S.C. § 3184. After a hearing the Commissioner made the ultimate finding that there was "probable cause to believe that the offense charged was committed by the Respondent," and remanded relator to the custody of the United States Marshal. The relator then applied for a writ of habeas corpus, which, after hearing, was discharged by order of Judge Bryan. In re Extradition of D'Amico, D.C.S.D.N.Y., 177 F.Supp. 648. Subsequently relator moved to reopen the habeas corpus proceeding to urge a point not previously pressed, to wit, the insufficiency of evidence to support a finding of "probable cause." On rehearing, Judge Bryan concluded that the Commissioner's ultimate finding of "probable cause" was based solely on his findings that the crime charged was extraditable under the treaty and that the relator was in fact the party "mentioned in the judgment filed in Italy." The Commissioner had failed to make the specific independent finding as to the sufficiency of the evidence to establish probable cause that was required under the statute and the treaty. Accordingly Judge Bryan remanded the case to the Commissioner for further proceedings, in which the relator and the demanding government would be entitled to introduce additional evidence. D.C.S.D.N.Y., 185 F.Supp. 925. The Consul General of Italy appeals, and relator now moves to dismiss the appeal as interlocutory.
 
 
 2
 The nonfinality and nonappealability of the order below is conclusively established by the decision of the Supreme Court in Collins v. Miller, 252 U.S. 364, 40 S.Ct. 347, 64 L.Ed. 616. In a habeas corpus proceeding both the relator and the demanding country appealed from a judgment remanding an extradition proceeding to the commissioner for the reception of additional evidence. The Supreme Court, in a unanimous opinion by Mr. Justice Brandeis, dismissed both appeals on the ground that the judgment remanding proceedings to the commissioner was "not final." 252 U.S. 364, 370, 40 S.Ct. 347. See also United States ex rel. Bauer v. Shaughnessy, 2 Cir., 178 F.2d 756.
 
 
 3
 To avoid the effect of the Collins case, supra, appellant asserts that the order is appealable under the doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 547, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528. We do not see how that case is at all applicable to the one at bar. There the Court held appealable an order collateral to the cause sued upon because it was a "final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." No such separate effect can be attributed to the present order.
 
 
 4
 Appellant further argues that the district court lacked jurisdiction to render the order appealed from, and that an order made in excess of jurisdiction is appealable even if interlocutory. For this proposition appellant relies principally on cases permitting an appeal from an order reopening a judgment after the time during which the court had power to do so has passed. See Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013; Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949; Untersinger v. United States, 2 Cir., 181 F.2d 953. Whether or not the principle applied in the above cases would in any event extend to the case at bar, where appellant's objection goes basically only to the form of relief granted, we need not decide. For the power of the district court to render the order appealed from is established both by statute and by decisional authority.
 
 
 5
 Habeas corpus is not a rigid and inflexible proceeding in which the court must either order release of the prisoner outright or direct his return to custody. The governing statute, 28 U.S.C. § 2243, provides in its final paragraph: "The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." Thus the court is given ample discretion to render an order which, though neither releasing the prisoner immediately nor returning him irrevocably to custody, serves "law and justice." As stated by the Supreme Court, referring to the predecessor of 28 U.S.C. § 2243, "The court is invested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus." In re Bonner, 151 U.S. 242, 261, 14 S.Ct. 323, 327, 38 L.Ed. 149. Thus, if the detention of a prisoner is found unlawful, the court has power to delay discharge of the prisoner until steps to correct the defects are taken. Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215, 19 A.L.R.2d 784; Mahler v. Eby, 264 U.S. 32, 46, 44 S.Ct. 283, 68 L.Ed. 549; In re Bonner, supra, 151 U.S. 242, 14 S.Ct. 323; In re Medley, 134 U.S. 160, 10 S.Ct. 384, 33 L.Ed. 835.
 
 
 6
 In Dowd v. United States ex rel. Cook, supra, 340 U.S. 206, 209, 210, 71 S.Ct. 262, 264, 19 A.L.R.2d 784, the State of Indiana had denied a prisoner an opportunity to prosecute an appeal in violation of the equal protection clause of the Fourteenth Amendment. On a petition for habeas corpus the district court entered an order discharging the prisoner from custody, and the circuit court affirmed, United States ex rel. Cook v. Dowd, 7 Cir., 180 F.2d 212. The Supreme Court, though agreeing with the determination by the lower courts on the merits, held that the direction for immediate discharge of the prisoner was erroneous. Quoting 28 U.S.C. § 2243, the Court remarked: "Fortunately, we are not confronted with the dilemma envisaged by the State of having to choose between ordering an absolute discharge of the prisoner and denying him all relief." The case was remanded to the district court for entry of "such orders as are appropriate to allow the State a reasonable time in which to afford respondent the full appellate review he would have received but for the suppression of his papers, failing which he shall be discharged."
 
 
 7
 In Mahler v. Eby, supra, 264 U.S. 32, 46, 44 S.Ct. 283, 289, the petitions for habeas corpus were brought in the district court by persons in custody under a deportation order. The Supreme Court, on direct appeal from a denial of the petitions, found that the Secretary of Labor had failed to make one of the findings needed to support his deportation order. The remedy granted by the Supreme Court was in substance the same as that granted by the district court in the case at bar. Reversing the judgment below, the Court gave "directions not to discharge the petitioners until the Secretary of Labor shall have reasonable time in which to correct and perfect his finding on the evidence produced at the original hearing, if he finds it adequate, or to initiate another proceeding against them."
 
 
 8
 The court below did not grant the writ conditionally, as in Mahler v. Eby, supra, but instead directed as follows:
 
 
 9
 "Ordered that the extradition proceeding be, and it hereby is remanded to the United States Commissioner for proceedings not inconsistent with said opinion of this Court, and that said Commissioner shall make a specific finding on the issue whether the evidence establishes that there is sufficient cause to believe that relator committed the offenses charges [sic]; and it is further
 
 
 10
 "Ordered that in such further proceedings before the Commissioner the relator be permitted to present such evidence on his own behalf as may be proper in extradition proceedings, and that the demanding government be permitted to present additional evidence, if any; and it is further
 
 
 11
 "Ordered that this Court retain jurisdiction in the premises and that relator be continued upon his present bail pending the further order of this Court."
 
 
 12
 Thus the district court, after a careful study of the record, has determined that an essential finding has not been made and that the case should be remanded to the Commissioner to supply the defect. Such action is entirely within the power given the court by 28 U.S.C. § 2243, and we think Collins v. Miller, supra, 252 U.S. 364, 40 S.Ct. 347, 64 L.Ed. 616, requires us to hold such orders nonappealable.
 
 
 13
 Appeal dismissed.
 
 
 14
 MEDINA, Circuit Judge (concurring).
 
 
 15
 I concur. The order is plainly interlocutory and not appealable. Collins v. Miller, 1920, 252 U.S. 364, 40 S.Ct. 347, is directly in point. Appellant argues, however, that while the remand directed by the order of Judge Bryan was interlocutory in form, nevertheless the order is final in fact and in substance because in a habeas corpus proceeding to inquire into the legality of detention for extradition the District Court has no power to remand to the Commissioner for a new hearing. Hence, the argument runs, as the remand for a new hearing is beyond the jurisdiction of the court, that part of the order is void and must be disregarded. On this reasoning the order is said to be final and appealable.
 
 
 16
 The effectiveness of the writ of habeas corpus in American law has been due in no small measure to the simplicity of the procedure involved in the issue of the writ and the determination of the issues raised by the pleadings and proofs of the respective parties. It provides a summary means of deciding whether or not the body of the petitioner has been legally detained in custody. The attack upon the order of detention is collateral, not direct. But this does not mean that the court issuing the writ is restricted to the alternative of discharging the petitioner or dismissing the writ. Such is the flexibility of the procedure in habeas corpus cases that the court may cause the petitioner to remain in custody, or permit his enlargement on bail, until there has been opportunity for the correction of defects in the proceedings already had, so that the final disposition shall be such "as law and justice require," in accordance with the mandate of the statute, 28 U.S.C. § 2243. In 1948 Section 2243 was amended so as to read "dispose of the matter as law and justice require," instead of "dispose of the party as law and justice require." But this was a mere change of "phraseology," not a change of substance, as indicated by the Reviser's Notes, which were included in the House Committee Report, H.R.Rep. No. 308, P. A178, 1947, 80th Cong., 1st Sess.
 
 
 17
 It was clearly within the competence of the District Court to hold final disposition of the writ in abeyance until a further hearing had been held before the Commissioner, and proper and necessary findings made. And research discloses that the procedural device commonly used to this end has been the conditional order.[1] Accordingly, the effect of appellant's argument is that the District Court had jurisdiction to make a conditional order but that it did not have jurisdiction to make an order remanding the case to the Commissioner for further hearing. If we were to adopt this view, hold the portion of the order directing the remand to be void and deny the present motion to dismiss the appeal, it is quite likely the ultimate result would be sending the case back to Judge Bryan for the purpose of substituting language of condition for that of remand. Then, in all likelihood, the case would come to us again and we would be required to dismiss the appeal, because we have already held a conditional order to be interlocutory and not appealable. United States ex rel. Bauer v. Shaughnessy, 2 Cir., 1949, 178 F.2d 756.
 
 
 18
 In my judgment every step in appellant's argument is fallacious. Even if we were to assume arguendo that the direction of a remand was improper, this would not make this portion of the order void. At most this would lead to the conclusion that this phase of the order was erroneous. The District Court had personal jurisdiction and jurisdiction over the subject matter of the proceeding. It is well settled that an erroneous order or judgment of a court having jurisdiction is not void.[2] Such an order or judgment must stand until corrected on review or set aside by some form of authorized and permissible direct attack. Thus, even assuming it to be erroneous, the mere use of the formula of remand instead of the formula of a conditional order is not a jurisdictional defect. Nor do the cases relied upon by appellant and referred to in the opinion of my brother Clark, with which opinion I am in complete agreement, sustain the proposition that the remand portion of the order appealed from is void.
 
 
 19
 Moreover, to meet head on the main thrust of appellant's argument, it is a matter of no consequence whether the order is framed in conditional terms or in words of remand. The one type of order is just as permissible as the other. In view of the language of Section 2243, both before and after the 1948 amendment, and in view of the traditional flexibility of habeas corpus as one of our most important safeguards of freedom, the court should not be restricted to the use of any rigid formula.
 
 
 
 Notes:
 
 
 [1]
 E. g., In re Bonner, 1894, 151 U.S. 242, 14 S.Ct. 323; Mahler v. Eby, 1924, 264 U.S. 32, 33, 44 S.Ct. 283; Tod v. Waldman, 1924, 266 U.S. 113, 45 S.Ct. 85, 69 L.Ed. 195; Dowd v. United States ex rel. Cook, 1951, 340 U.S. 206, 71 S.Ct. 262; Chessman v. Teets, 1957, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253; United States ex rel. Picicci v. District Director, 2 Cir., 1950, 181 F.2d 304; United States v. Petkos, 1 Cir., 1914, 214 F. 978; O'Brien v. Lindsey, 1 Cir., 1953, 202 F.2d 418; United States ex rel. Westbrook v. Randolph, 7 Cir., 1958, 259 F.2d 215
 
 
 [2]
 See Restatement, Judgments, § 4, Comment, pp. 20-21; Fauntleroy v. Lum, 1908, 210 U.S. 230, 28 S.Ct. 641, 52 L. Ed. 1039; Ex parte Roe, 1914, 234 U.S. 70, 34 S.Ct. 722, 58 L.Ed. 1217; Dyer v. Stauffer, 6 Cir., 1927, 19 F.2d 922, certiorari denied 275 U.S. 551, 48 S.Ct. 114, 72 L.Ed. 421