STEWART v. STATE

5197                    406 S. W. 2nd 313

Opinion delivered September 12, 1966
[Rehearing denied October 17, 1966.]

*Harold B. Anderson,* for appellant.

*Bruce Bennett,* Attorney General; *Jack L. Lessenberry,* Asst. Atty. Gen., for appellee.

ED. F. McFADDIN, Justice. The first question on this appeal is whether the confession was voluntarily made by the appellant. This case has been before us on previous occasions. See *Stewart* v. *State,* 233 Ark. 458, 354 S. W. 2d 472, Cert. Denied, 368 U. S. 935; *Stewart* v. *State,* 237 Ark. 748, 375 S. W. 2d 804, Cert. Denied, 379 U. S. 935. For angles of this case in other courts,

*Stewart* v. *Henslee,* 206 F. Supp. 137, 311 F. 2d 691, 373 U. S. 903; and *Stewart* v. *Stephens,* 244 F. Supp. 982.

The voluntariness of Stewart's confession was an issue discussed and decided in the Opinion of this Court in *Stewart* v. *State,* 237 Ark. 748, 375 S. W. 2d 804, Cert. Denied 379 U. S. 935. That decision by us was on March 2, 1964; and at that time the Arkansas practice was to allow the jury to determine the issue of the voluntariness of the confession, in accordance with the holding of the United States Supreme Court in *Stein* v. *New York,* 346 U. S. 156, 97 L. Ed. 1522, 73 S. Ct. 1077. But on June 22, 1964, the United States Supreme Court delivered its Opinion in the case of *Jackson* v. *Denno,* 378 U. S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A. L. R. 3d 1205, in which case the United Supreme Court held that the trial judge—and not the jury—should make the determination of the voluntariness of the confession before such confession was introduced in evidence to the jury. This is all discussed in our Opinion in the case of *Nelson* v. *State* (decided on September 13, 1965), 239 Ark. 678, 393 S. W. 2d 614.

After the decision in *Jackson* v. *Denno,* (*supra*), Stewart filed a petition in the United States District Court for the Eastern District of Arkansas; and, in keeping with *Jackson* v. *Denno,* that Court, in *Stewart* v. *Stephens,* 244 F. Supp. 982, on June 30, 1965, entered an order reading in part as follows:

"The State of Arkansas is given seven months from June 30, 1965 to either allow the trial court to conduct a hearing on the issue of voluntariness of Stewart's confession or to retry him. If, for good cause shown, it becomes impossible or inappropriate to try him within that period of time, application may be made to this Court by either Stewart or the State for a reasonable extension of time."[1]

[1] In this hearing before the U. S. District Court for the Eastern District of Arkansas, there is a footnote in the opinion which seeks to summarize all the various instances in which the United

Pursuant to that order, the Pulaski Circuit Court conducted a hearing on November 17, 1965, to determine the issue of the voluntariness of the confession made by the appellant Stewart. The State produced four witnesses, being: Charles W. Tracy, a criminal investigator for the State; Ray D. Vick, Chief of Police of North Little Rock; Paul R. McDonald, Captain of the Arkansas State Police; and Hon. Frank Holt, formerly Prosecuting At-

States District Court reviews State court decisions. For what it may be worth, we copy the said footnote: "Under those decisions, this Court in determining the right of a habeas corpus applicant to personal liberty must keep in mind: 1. That this Court is not concerned with the guilt or innocence of the petitioner, but only with whether he has been deprived of any right guaranteed to him under the Constitution and laws of the United States; 2. That the State Court's adjudication of a federal claim is not conclusive but carries only the weight that federal practice gives to the conclusions of a court of another jurisdiction on federal constitution issues; 3. That jurisdiction of this court to adjudicate the petitioner's federal claims is not affected by procedural defaults incurred by the petitioner during the state court proceedings except in those rare instances when he, after consultation with competent counsel, or otherwise, has understandingly and knowingly bypassed the privilege of seeking to vindicate his federal claims in the state courts; 4. That in any case where the habeas corpus petitioner alleges facts which if proved would entitle him to relief, this Court must grant a full and plenary evidentiary hearing where:

(a)   the merits of the factual dispute were not resolved in the state court hearing;

(b)   the state factual determination is not fairly supported by the record as a whole;

(c)   the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing;

(d)   there is a substantial allegation of newly discovered evidence;

(e)   the material facts were not adequately developed at the state court hearing; and

(f)   for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

5. And that since controlling weight may not be given to a prior denial of an application for habeas corpus unless the prior determination was made on the merits, the applicant must be urged to present all of his federal claims in one proceeding to prevent the possibility that this Court will be used to thwart, or at least procrastinate the orderly enforcement of the state's criminal laws through the use of successive applications by a state prisoner."

torney and later Justice of the Arkansas Supreme Court. These witnesses testified as to the voluntariness of the confession. The appellant offered no testimony to the contrary. The appellant's attorney stated near the conclusion of the hearing:

"I think, Your Honor, we are not so much concerned with the physical violence to the defendant as we are with the subtle means of getting him to confess. We think such means were taken.

"THE COURT: Develop it.

"MR. ANDERSON: I think the record develops it within the Federal Rules of the Constitution."

The Circuit Court entered its judgment, finding and holding that the confession was voluntarily made. We have carefully reviewed the testimony and we find that the Trial Court was correct in such finding and holding.

In the Trial Court from whence comes the present appeal, the appellant sought to raise other issues in addition to that of the voluntariness of the confession. And now, on this appeal, appellant argues these other issues. Assuming, without deciding that such issues could be raised, we now dispose of them in an effort to prevent further delays

(a) The appellant insists that he was proceeded against by information instead of by grand jury indictment. This point has long been settled adverse to the appellant. In *Washington* v. *State,* 213 Ark. 218, 210 S. W. 2d 307 (Cert. denied by U. S. S. Ct., 335 U. S. 884, 93 L. Ed. 423, 69 S. Ct. 232), we said:

"Appellant was tried on an information filed by the prosecuting attorney, rather than on an indictment returned by a grand jury; and appellant claims that prosecuting him by information is violative of his rights under both the State and Federal Constitu-

tions. Amendment 21 of the State Constitution reads: " 'That all offenses heretofore required to be prosecuted by indictment may be prosecuted either by indictment by a grand jury or information filed by the prosecuting attorney.'

"This amendment has been upheld by this court against such attack as is here made, in numerous cases, some of which are: *Penton* v. *State,* 194 Ark. 503, 109 S. W. 2d 131 and *Smith et al* v. *State,* 194 Ark. 1041, 110 S. W. 2d 24. The United States Supreme Court has repeatedly held that a State can —if it so desires—provide for a prosecution by information instead of by indictment. Some of these cases are: *Hurtado* v. *California,* 110 U. S. 516, 28 L. Ed. 232, 4 S. Ct. 111; *Bolln* v. *Nebraska,* 176 U. S. 83, 44 L. Ed. 382, 20 S. Ct. 287; and *Gaines* v. *Washington,* 277 U. S. 81, 72 L. Ed. 793, 48 S. Ct. 468."

(b) The appellant insists that his rights were violated in several respects, and relies heavily on *Escobedo* v. *Ill.,* 378 U. S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758; and *Miranda* v. *Ariz.,* 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (decided June 13, 1966). We find all such claims of the appellant to be without merit. In *Johnson et al.* v *N. J.,* 384 U. S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772, the United States Supreme Court held; on June 20, 1966, that the holding in *Escobedo* v. *Illinois* affected "only those cases in which the trial began after June 22, 1964, the date of that decision." The trial of appellant Stewart (affirmed by this Court in 237 Ark. 748, 375 S. W. 2d 804, and being Case No. 5102 herein) began on August 5, 1963, and the verdict of guilty was returned on August 7, 1963. So the holding in *Escobedo* v. *Illinois* affords no relief to the appellant. Likewise, in *Johnson* v. *New Jersey, supra,* the United States Supreme Court, on June 20, 1966, held that the holding in *Miranda* v. *Arizona* "applies only to cases in which the trial began after the date of our decision one week ago. The convictions assailed here were obtained and trials

completed long before Escobedo and Miranda were rendered, and the rulings in those cases are therefore inapplicable to the present proceeding.''

(c) Appellant also urges other points, all of which we have examined and find to be without merit.

Affirmed.