**Clarence STEWART, Jr., Appellant,**

v.

**O. E. BISHOP, Superintendent of Arkansas State Penitentiary, Appellee.**

**No. 18148.**

United States Court of Appeals
Eighth Circuit.

Nov. 21, 1968.

Harold B. Anderson, Little Rock, Ark., for appellant.

Larry W. Chandler, Asst. Atty. Gen., of Arkansas, Little Rock, Ark., for appellee; Bruce Bennett, Previous Atty. Gen., and Jack L. Lessenberry, Asst., Atty. Gen., on brief.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and LAY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

The threshold issue before us is whether this court has acquired jurisdiction to review either or both of the two orders entered by the District Court in a habeas corpus proceeding instituted in such court by petition of Clarence Stew-

art, Jr., hereinafter referred to as defendant, wherein he asserts he is being illegally detained by the defendant, the superintendent of the Arkansas State Penitentiary, upon his conviction of murder in the state court and the resulting death sentence imposed. We hold that this court has not acquired jurisdiction to consider the appeal and hence dismiss the appeal. A brief recital of the history and background of this litigation is essential for a proper understanding of the issue presented.

This proceeding is the latest step in a long series of litigation which arose out of the murder of William N. Caldwell in Pulaski County, Arkansas, on January 8, 1959. Defendant was charged with such murder, was found guilty by a jury of murder in the first degree and a death sentence was imposed. His conviction was affirmed. Stewart v. State, 233 Ark. 458, 345 S.W.2d 472, cert. denied, 368 U.S. 935, 82 S.Ct. 371, 7 L.Ed.2d 197. Upon Stewart's habeas corpus petition, the federal District Court determined that Stewart, a Negro, had been deprived of a fair trial because Negroes had been systematically excluded from the trial jury panel. Such court directed that Stewart be given a new trial and that unless such trial was afforded within a reasonable time fixed, the petition would be granted. We affirmed upon appeal. Henslee v. Stewart, 8 Cir., 311 F.2d 691, cert. denied, 373 U.S. 902, 83 S.Ct. 1289, 10 L.Ed.2d 198.

The State accorded the defendant the new trial as directed. Stewart was again convicted of first degree murder and again given a death sentence. His second conviction was affirmed. Stewart v. State, 237 Ark. 748, 375 S.W.2d 804, cert. denied, 379 U.S. 935, 85 S.Ct. 336, 13 L.Ed.2d 345.

Issues and facts in the murder trial are not relevant on the underlying jurisdictional issue now before us. The pertinent facts are covered in the reported cases cited.

In the present habeas corpus petition, filed January 28, 1965, defendant asserts that his constitutional rights were violated in his second trial and conviction in the following respects:

1. That he was charged by an information drawn by the prosecuting attorney instead of by an indictment of a grand jury as required by the Constitution of the United States.

2. That Negroes have been systematically excluded as jury commissioners.

3. That petitioner is now insane and was insane before the crime was committed.

4. That race was a factor in selecting the jury at his trial and that it was so drawn upon a racially proportionate basis as to discriminate against petitioner because of his race.

5. That his alleged confession was coerced.

Prison Superintendent Stephens filed a response admitting that the defendant was being held on the death sentence imposed upon his conviction but denied all allegations of violation of constitutional rights. A full evidentiary hearing was afforded in the federal District Court. Defendant at all stages of the proceeding, including the attempted appeal, was permitted to proceed in forma pauperis and was represented by counsel. The trial court on June 30, 1965, filed an order reading:

"The State of Arkansas is given seven months from June 30, 1965 to either allow the trial court to conduct a hearing on the issue of voluntariness of Stewart's confessions or admissions, or to retry him. If, for good cause shown, it becomes impossible or inappropriate to try him within that period of time, application may be made to this Court by either Stewart or the State for a reasonable extension of time.

"If Stewart is given a hearing to determine the issue of voluntariness or if he is retried, the Court will enter dismissal of Stewart's present petition of habeas corpus. If Stewart is not given such a hearing—or, if the

State elects, a new trial—within the period prescribed in this order, or within such other period of time as may be set by an appellate court, Stewart's petition for habeas corpus will be granted.

"A memorandum opinion containing the Court's findings of fact and conclusions of law will be subsequently filed with the clerk."

Filed on the same day is a copy of a letter from the judge to counsel advising that a memorandum opinion will be filed shortly and that it will reflect "that I have ruled adversely to Stewart on all of the issues raised by him except the one which arises under *Denno*."

Defendant filed a motion to reconsider on July 13, 1965. On July 23, 1965, the trial court filed a memorandum opinion (Stewart v. Stephens, reported at 244 F.Supp. 982) which reflects that the court gave careful consideration to all issues raised. The memorandum opinion reflects the view that all issues, except the Jackson v. Denno issue, were resolved against the defendant. The opinion with respect to the Jackson v. Denno issue (378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908) is identical with the second paragraph of the June 30 order quoted above. An order was entered denying defendant's motion to reconsider.

Notice of appeal, filed July 30, 1965, reads:

"Comes CLARENCE STEWART, JR., by his attorney Harold B. Anderson, and files Notice of Appeal from the Opinion rendered June 30, 1965, from all issues which this honorable court ruled adversely to Stewart except the one which arises under *Denno* or the voluntariness of this confession, also denial of Motion to Reconsider, July 23, 1965."

Thereafter, the State afforded defendant a full evidentiary hearing in the State trial court before the judge who presided at the trial resulting in the conviction on the Jackson v. Denno issue of the voluntariness of defendant's confession. The State produced a number

of witnesses who gave their testimony. The defendant offered no witnesses. The State trial court determined that Stewart's confession, which was received at his trial, was voluntarily made. Upon appeal, the Supreme Court of Arkansas affirmed. Stewart v. State, 241 Ark. 4, 406 S.W.2d 313 (September 12, 1966), cert. denied, 386 U.S. 946, 87 S.Ct. 983, 17 L.Ed.2d 877 (February 27, 1967).

On September 17, 1966, the State filed in the federal District Court a motion setting out the fact that the State court had fully complied with the federal court's direction to hold a Jackson v. Denno hearing. Attached to the motion is a copy of the Supreme Court of Arkansas affirming opinion last described. The motion prays that the petition for habeas corpus be dismissed. Attached thereto is a certificate of service of the motion upon defendant's counsel by mail on September 16, 1966. The record discloses no response by the defendant.

The federal District Court on September 29, 1966, entered an order of dismissal, concluding, "The hearing required by this court's order dated June 30, 1965, having been granted Stewart, his petition for writ of habeas corpus is dismissed." No appeal has been taken from such final order.

 It is the duty of the Court of Appeals to satisfy itself as to its jurisdiction to consider an appeal, whether or not the jurisdictional issue is raised by the parties. Young v. Chicago, Milwaukee, St. Paul & Pacific R. Co., 8 Cir., 369 F.2d 502, 504; Agrashell, Inc. v. Hammons Products Co., 8 Cir., 352 F.2d 443; Smith v. Sherman, 8 Cir., 349 F.2d 547, 550. Such duty applies with respect to attempted appeals in habeas corpus cases. Collins v. Miller, 252 U.S. 364, 365, 366, 40 S.Ct. 347, 64 L.Ed. 616. Habeas corpus is a civil remedy for the enforcement of a right to personal liberty. It is not a stage of a criminal proceeding or an appeal therefrom. Fay v. Noia, 372 U.S. 391, 423–424, 83 S.Ct. 822, 9 L.Ed.2d 837; Riddle

v. Dyche, 262 U.S. 333, 336, 43 S.Ct. 555, 67 L.Ed. 1009.

Rule 81(a) (2) expressly makes the rules of civil procedure applicable to habeas corpus proceedings. 28 U.S.C.A. § 2253, which governs appeals in federal habeas corpus proceedings, clearly contemplates that appeals shall be from the final order. 28 U.S.C.A. § 1291, the general statute conferring jurisdiction upon the Court of Appeals to review District Court judgments, limits review to "all final decisions of the district courts of the United States."

■ A final decision generally is one which ends litigation on the merits and leaves nothing for the court to do but execute the judgment. Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911. In Smith v. Sherman, 8 Cir., 349 F.2d 547, 551–552, this court defined "finality" as follows:

> " 'Finality' in the context hereinabove considered has occupied innumerable courts through the years, but a general definition therefor seems to have emerged as being acceptable. A decree is said to be final when it terminates the litigation on the merits and leaves nothing further to be done but to enforce it by execution. Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945); United States v. Bighorn Sheep Co., 276 F. 710 (8 Cir.1921); Asher v. Ruppa, 173 F.2d 10 (7 Cir.1949). A final judgment is the last word of the law, the final determination of the matters submitted to a court in an action. Karl Kiefer Mach. Co. v. United States Bottlers Mach. Co., 108 F.2d 469 (7 Cir.1939). A final judgment is one which, if affirmed on appeal, leaves nothing to be done below other than to execute the already rendered judgment. Bostwick v. Brinkerhoff, 106 U.S. 3, 1 S.Ct. 15, 27 L.Ed. 73 (1882); Werner v. Zintmaster, 77 F. 2d 74 (3 Cir.1935). From the point of view of appeal from an interlocutory decision, such has been defined as ' * * * not that which decides the cause, but that which settles some intervening matter relating to the cause.' Taylor v. Breese, 163 F. 678 (4 Cir.1908). An interlocutory decree such as here, is but a step toward a final decree. It is one requiring further proofs to be taken before a final adjudication can be reached in the case at bar. Cf. Rexford v. Brunswick-Balke-Collender Co., 228 U.S. 339, 33 S.Ct. 515, 57 L.Ed. 864 (1913). In this connection, see United States v. Agne, 161 F.2d 331, (3 Cir.1947) where it is pointed out that an appealable order must be one of substance rather than form, quoting with favor from Waialua Agr. Co., Ltd. v. Christian, 52 F.2d 847 (9 Cir.1931), to the effect that a decree contemplating further proceedings in the lower court is not final, regardless of the form in which it is cast."

In DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614, a criminal case, the Court held that the granting or denying of a motion to suppress evidence is not a final order and hence is not appealable. The Court in the course of its opinion states:

> "The general principle of federal appellate jurisdiction, derived from the common law and enacted by the First Congress, requires that review of *nisi prius* proceedings await their termination by final judgment. First Judiciary Act, §§ 21, 22, 25, 1 Stat. 73, 83, 84, 85 (1789); see McLish v. Roff, 141 U.S. 661, 12 S.Ct. 118, 35 L.Ed. 893. This insistence on finality and prohibition of piecemeal review discourage undue litigiousness and leaden-footed administration of justice, particularly damaging to the conduct of criminal cases. See Cobbledick v. United States, 309 U.S. 323, 324–326, 60 S.Ct. 540, 541–542, 84 L. Ed. 783.

> \* \* \* \* \* \*

> " '[T]he final judgment rule is the dominant rule in federal appellate practice.' " 369 U.S. 121, 124, 126, 82 S.Ct. 654, 656.

In Collins v. Miller, supra, the Court holds that a habeas corpus appeal lies only from a final judgment. In that case, the petitioner was being held on three extradition warrants based on three separate affidavits. His detention was challenged in a federal habeas corpus action. The trial judge determined that the petition should be denied as to one of the commitment warrants. As to the other two warrants, the case was remanded to the judge who had ordered the detention for further hearing. The Supreme Court determined that the petition had not been disposed of insofar as it concerned detention on two of the three warrants and hence that the decision was not final. The Court states:

> "A case may not be brought here by appeal or writ of error in fragments. To be appealable the judgment must be not only final, but complete.
>
> \* \* \* \* \* \*
>
> "And the rule requires that the judgment to be appealable should be final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved.
>
> \* \* \* \* \* \*
>
> "Only one branch of the case has been finally disposed of below, therefore none of it is ripe for review by this court." 252 U.S. 364, 370, 371, 40 S. Ct. 347, 349.

In Andrews v. United States, 373 U. S. 334, 340, 83 S.Ct. 1236, 10 L.Ed.2d 383, the Supreme Court cites Collins v. Miller and reaffirms the finalty requirement as a prerequisite to a habeas corpus appeal. See United States ex rel. D'Amico v. Bishopp, 2 Cir., 286 F.2d 320, 321; United States ex rel. Bauer v. Shaughnessy, 2 Cir., 178 F.2d 756, 757.

■ Rule 73, Fed.R.Civ.P., provides the method, time and manner of taking an appeal from the District Court to the Court of Appeals at the time here pertinent and so far as material, provides notice of appeal be given within thirty days from the judgment.[1] It is conceded that a timely appeal from the order entered June 30, 1965, hereinabove set out, and the denial of a motion to reconsider, filed July 23, 1965, was filed. As hereinabove demonstrated, an appeal lies only from a final order of the District Court. Thus the crucial question is whether the orders appealed from are final orders. We believe that it is clear that the orders of June 30, 1965, and July 23, 1965, are not final orders. Such orders do not meet the requirement of finality as defined and explained in the cases hereinabove discussed. We note that neither order says anything whatsoever about the dismissal or the rejection of any of the claims for relief asserted. No language is contained dismissing the petition or finally disposing of the issue. The orders are directed entirely toward requiring the State at its option to either grant defendant a new trial or to accord him a hearing before the State trial judge on the voluntariness of defendant's confession. If the trial court at such hearing should find that the confession was not voluntary, Jackson v. Denno would require the granting of a new trial. See p. 394 of 378 U.S., 84 S.Ct. 1774, 12 L.Ed.2d 908. On the other hand, if the State judge fairly determined the confession was voluntary, no prejudicial error requiring a new trial would exist. The 1965 orders from which the attempt to appeal was made clearly reflect that the trial court intended to and in fact did reserve jurisdiction and final judgment awaiting the action of the State court with respect to the Jackson v. Denno issue.

Defendant in his present petition has alleged five separate and distinct violations of his constitutional rights which are hereinabove summarized. Thus multiple claims of constitutional violations are asserted. The strong policy established in the cases previously cited and discussed against piecemeal appeals would be violated if orders entered upon

1. The rules governing appeal have been superseded by Rule 4(a), Federal Rules Appellate Procedure, effective July 1, 1968.

some but not all of the claims were considered final.

Rule 54(b), Fed.R.Civ.P., provides:

"Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

■ In our present case, it is clear that multiple claims for relief were made and that no order of the trial court as to finality or order for judgment with respect to any of the separate claims was requested by any party or granted by the court. Thus, under the express terms of the rule, a decision which adjudicates less than all of the claims does not terminate the action as to any claim and the order is subject to revision at any time before the adjudication of all of the claims.

■ The interlocutory orders from which the appeal was attempted do not fall in any category in which interlocutory appeals are allowed by 28 U.S.C.A. § 1292(a) or any other statute. Nor were the steps required by § 1292(b)

taken to authorize an interlocutory appeal.

■ The only order terminating the habeas corpus litigation here involved is the order of dismissal filed September 29, 1966, which was entered after the Supreme Court of Arkansas had affirmed the State trial court's determination of voluntariness of the confession.[2] The record discloses that no appeal has ever been taken or attempted from the final judgment entered on September 29, 1966.

■ Compliance with the rule requiring a timely appeal from final judgment is mandatory and absent a timely notice of appeal, the appellate court acquires no jurisdiction to review the trial court's decision. Berman v. United States, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012; United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259; Howard v. United States, 8 Cir., 396 F.2d 867.

■ By way of summary, we hold that the orders of June 30, 1965, and July 23, 1965, from which an appeal was attempted are not final orders. This court has jurisdiction under the facts and circumstances of this case to consider only appeals from final judgments. Consequently, the attempted appeal from the June 30 and July 23, 1965, orders must be dismissed.

No appeal has been taken from the final order of dismissal entered on September 29, 1966. Absent timely notice of appeal, no jurisdiction has been acquired by this court to review such order.

Certain broad statements contained in the dissenting opinion require some comment. We share Judge Lay's lack of enthusiasm for imposition of a death penalty and agree that constitutional issues should be resolved in the event that they are properly before us. However, as hereinabove stated, we have no power

---

2. While the trial court filed its final dismissal before the Supreme Court of the United States denied certiorari in the Jackson v. Denno proceedings, the order remains a final order whether or not it correctly decides the issue. The trial court had jurisdiction over the proceedings at the time it entered the order.

to act in situations where we have not acquired jurisdiction by reason of want of a timely mandatory notice of appeal.

 The authorities first cited in the dissenting opinion do not establish a discretion in this court to accept jurisdiction to entertain an appeal in the absence of a timely notice of appeal. Only Lemke v. United States, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3, involves the sufficiency and timeliness of a notice of appeal and the situation there is not comparable to the facts in our present case. In *Lemke*, the sentence upon a guilty verdict was imposed on March 10. The notice of appeal from the sentence and conviction was filed on March 11. The judgment was not entered of record until March 14. The court held the notice of appeal gave notice of intention to appeal from the sentence and final conviction. In our present case, the judgment from which the appeal was attempted was clearly not a final judgment. The other cases cited involve delay in filing the records and briefs after a timely notice of appeal had been given and such requirements are not jurisdictional and are within the discretion of the court. Rule 73(a) provides: "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, * * * *"

We reject the view expressed in the dissenting opinion that we have overruled two prior orders of this court. The March 7, 1966, order referred to in the dissenting opinion in addition to adjudicating that the appeal is premature and that it will be held in abeyance, specifically determines as we have here determined that the order appealed from has neither granted nor denied the writ and makes no final disposition of the controversy. The order provides "that the appeal shall be held in abeyance, without argument and submission, until a final decision has been rendered by the United States District Court in this matter and until there is a timely appeal from the final judgment." The order clearly contemplates that two things must happen before the court could acquire jurisdiction, to wit (1) a final judgment of the District Court, and (2) a timely appeal from such final judgment. The timely appeal requirement has never been met. In our view the "held in abeyance" language relates only to retaining the record and briefs filed for the purpose of eliminating the necessity of incurring the trouble and expense of duplicating such matter when and if a timely appeal from final judgment is subsequently filed.

Our January 16, 1967, order notes that the District Court entered final judgment dismissing the petition (on September 29, 1966) and that no appeal has been taken from such order. It provides "the Court on its own motion supplements its order of March 7, 1966, by dismissing the appeal."

Our order of February 7, 1967, vacates the January 16, 1967, dismissal order upon Stewart's motion and reinstates the case on the records of this court. Such order does not purport to determine on the merits the issue as to whether any jurisdiction was acquired to consider an appeal. As heretofore stated, a timely notice of appeal is a prerequisite to our acquisition of jurisdiction to consider the appeal. We find no cases which authorize the Court of Appeals to waive the mandatory jurisdictional requirements for perfecting an appeal.

If no appellate jurisdiction existed prior to February 7, 1967, the order for reinstatement cannot confer jurisdiction. It does no more than to restore the case to the calendar in the status that existed prior to the dismissal. The order likely would have the beneficial effect of permitting briefing and argument of the jurisdictional issue. In any event, the February 7, 1967, order was entered more than four months after the final judgment of dismissal. No sound argument can be made that such order in any way misled the defendant or his counsel with respect to appeal requirements.

We remain firmly of the view that we are precluded by want of jurisdiction to

adjudicate the merits of the attempted appeal. The gravity of the offense and the strong views expressed in the dissent have induced us to carefully examine the record. It is our view that the first four points raised, as hereinabove stated, were fully and fairly considered and decided in Judge Young's well-considered reported opinion, and that an affirmance upon such issues would be fully justified on the basis of such opinion in event jurisdiction exists in this court to consider the appeal on the first four issues.

The premature notice of appeal, supra, expressly disclaims any intent to appeal from the fifth issue, the *Jackson-Denno* issue. Defendant has at no time challenged the fairness of the *Jackson-Denno* hearing accorded him in the state trial court and has done nothing whatsoever at any time to give notice of appeal upon the *Jackson-Denno* issue or the final dismissal of the petition for habeas corpus.

The question of what, if any, further habeas corpus rights defendant may have is not properly before us. Such question can only be answered when and if specific claims are properly before us.

The appeal is dismissed for lack of jurisdiction.

LAY, Circuit Judge, (dissenting).

I respectfully dissent. It is inconceivable to me that we should turn deaf ears to this appeal. In effect, the majority opinion now rules that two prior orders of this court were erroneous, all to the jeopardy of the petitioner, who had in good faith relied upon those orders. Petitioner has been sentenced to death. He raises serious constitutional claims and, in my opinion, has a right to a full appellate review of those claims at this time.

The majority opinion adequately demonstrates that the district court's original order of June 30, 1965, was not an appealable order. There exists no debate as to this. This court in its order of March 7, 1966, acknowledge that the July 30 notice of appeal was premature. However, this court then ordered that *"although"* the appeal was premature, *"upon due consideration"* the *"appeal would be held in abeyance"* until a final order had been entered by the trial judge. This was fully within the discretion of a court of appeals to do. Cf. Lemke v. United States, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3 (1953); Pyramid Motor Freight Corp. v. Ispass, 330 U.S. 695, 67 S.Ct. 954, 91 L.Ed. 1184 (1947); Stumpf v. Matthews, 89 U.S.App.D.C. 231, 195 F.2d 25 (1951); Christoffel v. United States, 88 U.S.App.D.C., 1, 190 F.2d 585, 588 (1951) (on reconsideration).

Thus, petitioner's counsel was originally led to believe that although his notice of appeal was premature, it would be held in abeyance until a final order was entered by the district court, at which time a timely appeal would lie. *This court did not dismiss the appeal.* If the intent of the court was that counsel should file a new notice of appeal it would have dismissed the appeal rather than holding it in abeyance. It is understandable why counsel did not bother to file another notice of appeal following the trial court's subsequent entry of that order.

On February 7, 1967, upon petitioner's motion this court vacated an earlier order of dismissal dated January 16, 1967, and *reinstated the appeal* upon the grounds that a final disposition of the case had not taken place (as contemplated by the March 7, 1966, order) when the court had earlier dismissed the appeal.[1] Thus, this court as of Febru-

---

1. Petitioner's motion to vacate the dismissal of the appeal was based upon (1) this court's order of March 7, 1966, retaining jurisdiction of the case and (2) the fact that even though the district court entered a final order in September 1966,

the same was then premature. This related to the fact that there was still pending petitioner's application of certiorari before the United States Supreme Court (denied February 27, 1967) challenging the affirmance of the Arkansas Supreme

ary 7, 1967, again acknowledged the effect of the March 7, 1966, order holding the appeal in abeyance. The record was then clear that a new notice of appeal had not been filed and *none could thereafter ever be timely filed* from the final order of the district court (filed September 29, 1966). Yet, this court *reinstated the appeal* on the basis of the earlier March 7, 1966, order.

One might urge that res judicata does not apply to habeas corpus claims and that petitioner may refile his petition without prejudice in the federal district court. There is then, however, the real danger that the district court would deny these claims without a hearing on the ground that it has previously passed upon them. Cf. 28 U.S.C. § 2244. See Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Or perhaps petitioner may now urge in a separate habeas corpus proceeding that he was been denied appellate review because his counsel was ineffective in failing to perfect a proper appeal in the present proceeding. Cf. Williams v. United States, 402 F.2d 548 (8 Cir., October 31, 1968). These claims may take several months with subsequent appeals, the end result to be that some day, sometime, somewhere, petitioner will be given the appellate review to which he is now entitled.

We should recognize the true intent of the March 7, 1966, order and find no prejudice in the irregularity of the July 30, 1965, notice of appeal, cf. Lemke v. United States, supra, and grant review. At the very least, I think we could direct the trial court to enter a new order of dismissal and allow a new appeal.[2] This will probably be the ultimate result several months from now, assuming a subsequent finding that petitioner was denied effective assistance of counsel at a critical stage. This would logically follow since the effect of the majority's opinion is that counsel failed to file a timely notice of appeal because this court was originally mistaken in holding this appeal in "abeyance" or in later "reinstating" the appeal.

It seems patently unjust to me to prejudice petitioner's rights by placing the burden solely on his counsel for failure to file a timely appeal in a situation the court itself has helped create. I cannot agree to the strained construction the majority places upon the March 7, 1966, order. But assuming this interpretation to be reasonable, we must all concede an ambiguity and obvious confusion to those who must rely upon it. I do not think petitioner should be the one to suffer because of it. We should not cast aside our own responsibility so lightly. To review the case upon its merits does not require judicial abdica-

---

Court's decision relating to the Jackson v. Denno hearing. The February 7, 1967, order of this court sustained petitioner's motion.

2. There would be legal justification to do this. When the district court entered its final order of dismissal, September 29, 1966, it was relying upon the affirmance of the Supreme Court of Arkansas, 241 Ark. 4, 406 S.W.2d 313, on the issue of the voluntariness of the confession. However, the mandate of the Supreme Court of Arkansas could not issue until after the Supreme Court had denied certiorari in that proceeding. See Stewart v. Arkansas, 386 U.S. 946, 87 S.Ct. 983, 17 L.Ed.2d 877 (Feb. 27, 1967). Thus, as recognized by this court's order of February 7, 1967, there could be no final disposition by the district court until the

state proceedings *were final*. Thus, one way to view the record is that even at the present time there exists no final order of the district court since the order of September 29, 1966, was entered prematurely. After a new order of dismissal on all grounds, the petitioner could then file a timely notice of appeal.

In so holding, we should direct the district court to make a supplemental record with its own determination on the voluntariness of the confession. See Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). This does not require a new evidentiary hearing unless the district court is not satisfied with the state court record. Ibid. See, 28 U.S.C. § 2254(d). Cf. Maes v. Patterson, 401 F.2d 200 (10 Cir. Oct. 2, 1968).

tion of well-founded jurisdictional principles. It only necessitates judicial deference to a reasonable construction of the March 7, 1966, order as a lawful exercise of judicial power in order now to circumvent a possible, lasting prejudice. I cannot condone the idea that a court order, the law itself, can serve as a matrix for abortive process. To place petitioner on a procedural merry-go-round is to delve into procedural niceties which are too remote from justice and fair play and which violate the liberal spirit of the federal rules. Especially is this so when life or liberty is at stake.[3]

---

3. I must respectfully, but vigorously dissent from the added dictum of the majority opinion that prejudice will not result from this judgment since the issues raised by the petitioner are, in any event, without merit. I cannot accept the adjudication of serious constitutional charges with such ease and light brush. Involved is a statement by a jury commissioner that the jury list was hand selected to be of venire men composed of 25% of members of the Negro race. This fact alone presents more than a frivolous appeal. If and when appellate review is finally granted, such issues merit thorough scrutiny.

This dissent is motivated solely by my concern for procedural due process. It would be written even if petitioner was under a 30-day sentence.