# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2547

_____

Lynda King

*Plaintiff - Appellant*

v.

Wendy Kelley, Director, Arkansas Department of Correction

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: March 13, 2015
Filed: August 10, 2015

_____

Before MURPHY and SHEPHERD, Circuit Judges, and HARPOOL,[1] District
Judge.

_____

SHEPHERD, Circuit Judge.

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the
Western District of Missouri, sitting by designation.

An Arkansas state trial court sentenced Lynda King to 80 years imprisonment for embezzling more than $700,000 from the school district where she worked. Five months after imposing the sentence, however, the trial court entered an order reducing King's sentence to 20 years imprisonment. The State appealed the reduction to the Arkansas Supreme Court, which reinstated King's 80-year sentence after finding the trial court lacked jurisdiction to enter the reduction because the statutory period for doing so had expired.

King later sought habeas relief from the federal district court.[2] Although the district court was clearly sympathetic to King's cause, it nevertheless found no grounds for granting habeas relief. The district court issued a certificate of appealability and King has now brought her case to us, hoping we can find a ground for relief the district court was unable to perceive. Because King is not entitled to habeas relief based on her disagreement with the Arkansas Supreme Court's interpretation of Arkansas law, we affirm.

I.

This case began with King's misdeeds. Between 2001 and 2008, King embezzled over $700,000 from the Pine Bluff School District. As the district court aptly put it, "she simply robbed the school district blind." After her theft was discovered, King pled guilty in Arkansas state court to 1,577 counts of forgery and theft of property.

Through a judgment entered March 31, 2009, and an amended judgment entered April 3, 2009, the trial court imposed a sentence of 80 years imprisonment. King does not dispute that this sentence was within the applicable statutory range for

[2]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

her crimes. On June 15, 2009, King filed a petition in the trial court for a reduction of sentence under Arkansas Code Annotated § 16-90-111, which allows a trial court to "correct an illegal sentence at any time" or to "correct a sentence imposed in an illegal manner within . . . ninety (90) days after the sentence is imposed." King claimed in her petition she was "entitled to a reduction of sentence on the grounds of excessive sentencing." R. Doc. 6-7, at 16. She noted she had no prior criminal history and attached to her petition news clippings about other defendants who had received lesser sentences for similar crimes. King also asserted in her petition she "was forced to enter [her] plea because of threats made by the prosecutor, through [her] attorney. These threats indicated that [her] husband and twenty-year old son would be subpeona [sic] to testify and could be charged as well." R. Doc. 6-7, at 16. On September 2, 2009, the trial court found King's petition "ha[d] merit" and entered an order reducing King's sentence to 38 years imprisonment. On September 24, 2009, the trial court entered an amended order suspending 18 of those years, for a total sentence of 20 years imprisonment.

The State appealed to the Arkansas Supreme Court. In a per curiam opinion, the Supreme Court vacated King's reduced sentence and held that the original 80-year sentence remained valid and enforceable. State v. King, 2010 Ark. 428 (per curiam). The Supreme Court found that King's petition for reduction did not raise a claim for relief under Arkansas Rule of Criminal Procedure 37, which allows a prisoner to petition the sentencing court for a sentence modification "within ninety (90) days of the date of entry of judgment" and contains no deadline for the sentencing court to rule on the petition. The Supreme Court did not answer the State's argument that King's petition fell outside section 16-90-111 because the petition failed to allege her sentence was illegal or illegally imposed. Instead, the Supreme Court found that "[e]ven if [section 16-90-111] embraced [King's] claim, the trial court's order did not fall within the restrictions imposed in the statute for a valid order." King, 2010 Ark. 428, at 3. In other words, the Supreme Court held that section 16-90-111 did not apply because the trial court failed to enter the reduced sentence within the statute's

90-day window.  Reasoning that trial courts lose jurisdiction under Arkansas law to alter sentences "absent a statute, rule, or available writ," the Supreme Court concluded the trial court lacked jurisdiction to reduce King's sentence.  Id. at 4.

King later petitioned the district court for a writ of habeas corpus, alleging (1) the trial court had jurisdiction to modify her sentence, (2) the trial court's failure to render a decision within the statutory period violated her Fourteenth Amendment right to due process, (3) the 80-year sentence violated the Eighth Amendment's prohibition on cruel and unusual punishment, (4) her guilty plea was coerced, (5) prosecutorial misconduct, and (6) ineffective assistance of counsel.  The district court expressed disagreement with the Arkansas Supreme Court's opinion, stating that the Supreme Court misapplied its own precedent and that it should have treated King's petition for reduction as a timely filed petition for relief under Rule 37.  See State v. Wilmoth, 255 S.W.3d 419, 422, 424 (Ark. 2007) (noting that the Arkansas Supreme Court has held that any petition for post-conviction relief is treated as a Rule 37 petition if it raises claims for relief under the Rule and that the Rule 37 time period controls over the section 16-90-111 time period).  Ultimately, however, the district court dismissed King's petition for a writ of habeas corpus, reluctantly concluding "that King cannot obtain relief from this improper sentence simply because of glitches in Arkansas law and the Arkansas Supreme Court's interpretation of that law."  The district court granted a certificate of appealability on the question of whether King's due process rights were violated by the trial court's delay in ruling or by the Arkansas Supreme Court's reinstatement of her original sentence.

II.

We first address the State's argument that we lack jurisdiction to hear King's appeal.  It is well established that in habeas proceedings we may review only final orders.  See 28 U.S.C. § 2253(a) ("In a habeas corpus proceeding . . . before a district judge, the final order shall be subject to review, on appeal . . . ."); Collins v. Miller,

-4-

252 U.S. 364, 365 (1920); Gray v. Swenson, 430 F.2d 9, 11 (8th Cir. 1970). The State contends the district court's order dismissing King's habeas petition is not a final order because the district court did not explicitly reject all of King's claims for relief. We disagree.

The district court's order mentioned all six of King's asserted claims for relief and concluded by dismissing King's petition. While the substance of the district court's discussion related to the Arkansas Supreme Court's opinion, it is clear the district court's "order on its face purports to dispose of all issues raised by the habeas corpus petition." Gray, 430 F.2d at 11 (finding that the order appealed from was a final order and that the court possessed jurisdiction). This case is unlike Stewart v. Bishop, 403 F.2d 674 (8th Cir. 1968), upon which the State relies, where we held we lacked jurisdiction because the order appealed from "[said nothing] whatsoever about the dismissal or the rejection of any of the claims for relief asserted" and contained no language "dismissing the petition or finally disposing of the issue." Id. at 679. The district court's order here "is the last word of the law, the final determination of the matters submitted to [the district] court in [the] action." Id. at 678 (internal quotation marks omitted). Because the district court's order "leaves nothing to be done below [upon our affirmance] other than to execute the already rendered judgment," the order is final and we possess jurisdiction to hear King's appeal. Id. (internal quotation marks omitted); see 28 U.S.C. § 1291.

We next address the State's argument that the district court improvidently granted the certificate of appealability because King's due process claim is collateral to her detention and is thus not cognizable under 28 U.S.C. § 2254. The State relies on Jolly v. Gammon, 28 F.3d 51 (8th Cir. 1994), where we held that a petitioner's due process challenge to a state post-conviction proceeding did not present a cognizable ground for federal habeas relief because the petition challenged a state proceeding collateral to the petitioner's detention and did not amount to "a constitutional challenge of the detention itself." Id. at 54; see also Williams-Bey v. Trickey, 894

-5-

F.2d 314, 317 (8th Cir. 1990) ("[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."). King, however, has not challenged a state post-conviction proceeding collateral to her detention. Her claim—that the state proceedings that resulted in her sentence violated her due process rights—amounts to a constitutional challenge to her detention itself. This claim is cognizable in a section 2254 action. See Williams-Bey, 894 F.2d at 317 ("Habeas relief is available to a state prisoner 'only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.'" (quoting 28 U.S.C. § 2254(a))).

Turning to the merits, King argues that the trial court violated her right to due process when it failed to act within the section 16-90-111 time period and that the Arkansas Supreme Court violated her right to due process because its opinion was legally flawed.[3] After considering these arguments, we agree with the district court that King's habeas petition must be dismissed. See Lyons v. Luebbers, 403 F.3d 585, 592 (8th Cir. 2005) (stating that we review the district court's conclusions of law de novo). King's argument about what section 16-90-111 required the district court to do raises a question of Arkansas state law that has already been resolved by the Arkansas Supreme Court in this case. King's argument about the Supreme Court's opinion similarly amounts to no more than an assertion that the Supreme Court acted erroneously and misinterpreted Arkansas law. It is telling that the ground for relief King asserted in her habeas petition was that the trial court possessed jurisdiction to modify her sentence, not that the Supreme Court violated her due process rights. As to both of King's arguments, 28 U.S.C. § 2254 does not permit us to exercise de novo review over a state court's interpretation of state law. Because King does not present a claim "that [she] is in custody in violation of the Constitution or laws or treaties of

---

[3]We note that while King's habeas petition asserted an Eighth Amendment violation, her guilty plea was coerced, prosecutorial misconduct, and ineffective assistance of counsel, none of these claims is before us on appeal.

the United States," as required by section 2254, her claim does not present a valid ground for habeas relief.

## III.

For the foregoing reasons, we affirm the district court's denial of habeas relief.

_____